# Exhibit A

**Click here to Respond to Selected Documents**

**Sort Date Entries:** Descending Ascending

**Display Options:** All Entries ⌄

**11/16/2023**

**Order Granting Ext of Time**

AMENDED CONSENT MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO THIRD-PARTY PETITION (see attached order) SO RODERED: JUDGE DAVID ROITHER #51426
**Order**

MOTION TO WITHDRAW AS COUNSEL (see order attached) SO ORDERED: JUDGE DAVID ROITHER #51426

**11/13/2023**

**Note to Clerk eFiling**
    **Filed By:** DAVID BRADLEY HELMS
🔒 **Proposed Order Filed**

Proposed Order; Electronic Filing Certificate of Service.
    **Filed By:** DAVID BRADLEY HELMS
    **On Behalf Of:** LIFE OF THE SOUTH INSURANCE COMPANY

**11/09/2023**

**Note to Clerk eFiling**
    **Filed By:** DAVID BRADLEY HELMS
**Motion for Extension of Time**

    **Filed By:** DAVID BRADLEY HELMS
**Motion for Extension of Time**

Consent Motion for Extension of Time to File Response to Third-Party Petition; Electronic Filing Certificate of Service.
    **Filed By:** DAVID BRADLEY HELMS
    **On Behalf Of:** LIFE OF THE SOUTH INSURANCE COMPANY
**Entry of Appearance Filed**

Entry of Appearance; Electronic Filing Certificate of Service.
    **Filed By:** DAVID BRADLEY HELMS
    **On Behalf Of:** LIFE OF THE SOUTH INSURANCE COMPANY
**Hearing Scheduled**

    **Scheduled For:** 01/18/2024; 9:30 AM; DAVID A ROITHER; City of St. Louis
**Hearing Continued/Rescheduled**
    **Associated Entries:** 09/21/2023 - Hearing Continued/Rescheduled
    **Associated Entries:** 09/21/2023 -
**Hearing Scheduled**

    **Hearing Continued From:** 11/09/2023; 9:30 AM Hearing

**11/07/2023**
🔒 **Proposed Order Filed**

Proposed Order; Electronic Filing Certificate of Service.
    **Filed By:** FAIQ M MIHLAR
    **On Behalf Of:** MARINER FINANCE LLC
**Motion of Withdrawl of Counsel**

Motion to Withdraw as Counsel for Plaintiff; Electronic Filing Certificate of Service.
    **Filed By:** FAIQ M MIHLAR
    **On Behalf Of:** MARINER FINANCE LLC

**11/03/2023**

**Alias Summons Requested**

Memorandum; Electronic Filing Certificate of Service.
    **Filed By:** MARTIN L DAESCH
    **On Behalf Of:** CHRISTOPHER D PERKINS
**Entry of Appearance Filed**

Entry of Appearance - Michael Hargens; Electronic Filing Certificate of Service.
    **Filed By:** MICHAEL SCOTT HARGENS
    **On Behalf Of:** MARINER FINANCE LLC

**10/17/2023**
    **Third Party Petition Filed**

Third-Party Petition; Electronic Filing Certificate of Service.
    **Filed By:** MARTIN L DAESCH
    **On Behalf Of:** CHRISTOPHER D PERKINS

**10/13/2023**
    **Entry of Appearance Filed**

Entry of Appearance; Electronic Filing Certificate of Service.
    **Filed By:** JESSE BARRETT ROCHMAN
    **On Behalf Of:** CHRISTOPHER D PERKINS

**10/12/2023**
    **Entry of Appearance Filed**

Entry of Appearance - Craig W. Richards; Electronic Filing Certificate of Service.
    **Filed By:** MARTIN L DAESCH
    **On Behalf Of:** CHRISTOPHER D PERKINS
**Entry of Appearance Filed**

Entry of Appearance - Kaitlin A. Carpenter; Electronic Filing Certificate of Service.
    **Filed By:** MARTIN L DAESCH
    **On Behalf Of:** CHRISTOPHER D PERKINS
**Entry of Appearance Filed**

Entry of Appearance - Martin L. Daesch; Electronic Filing Certificate of Service.
    **Filed By:** MARTIN L DAESCH
    **On Behalf Of:** CHRISTOPHER D PERKINS
**Entry of Appearance Filed**

Entry of Appearance - Jesse B. Rochman; Electronic Filing Certificate of Service.
    **Filed By:** MARTIN L DAESCH
    **On Behalf Of:** CHRISTOPHER D PERKINS

**10/11/2023**
    **Answer Filed**

ANSWER AND COUNTERCLAIM; Electronic Filing Certificate of Service.
    **Filed By:** KRISTOFFER MIKEL BOEVINGLOH

**09/21/2023**
    **Order**

DEFENDANT'S MOTION FOR LEAVE TO FILE AN ANSWER TO PLAINTIFF'S PETITION OUT OF TIME CALLED, HEARD AND GRANTED. DEFENDANT IS GRANTED TWENTY (20) DAYS TO FILE AN ANSWER TO PLAINTIFF'S PETITION. CAUSE CONTINUED TO 11/9/2023 AT 9:30 AM. SO ORDERED: JUDGE DAVID A. ROITHER #51426
**Hearing Scheduled**

    **Associated Entries:** 11/09/2023 - Hearing Continued/Rescheduled
    **Scheduled For:** 11/09/2023; 9:30 AM; DAVID A ROITHER; City of St. Louis

**Hearing Continued/Rescheduled**
    **Associated Entries: 08/17/2023 - Hearing Continued/Rescheduled** +
    **Associated Entries: 08/17/2023 -**
**Hearing Scheduled**
    +
    **Associated Entries: 11/09/2023 - Hearing Continued/Rescheduled**
    **Hearing Continued From: 09/21/2023; 9:30 AM Hearing**
**Motion Filed**

DEFENDANT'S MOTION FOR LEAVE TO FILE ANSWER TO PLAINTIFF'S PETITION OUT OF TIME FILED
**Entry of Appearance Filed**

COMES NOW Kristoffer M. Boevingloh and George A. Pliakos, attorneys at Law, and hereby enter their appearance on beha,f of the Defendant Christopher Perkins filed

**09/20/2023**
    **Mot for Leave to File Out/Time**

Motion for Leave; Electronic Filing Certificate of Service.
    **Filed By:** KRISTOFFER MIKEL BOEVINGLOH
    **Entry of Appearance Filed**

Entry of Appearance; Electronic Filing Certificate of Service.
    **Filed By:** KRISTOFFER MIKEL BOEVINGLOH

**08/17/2023**
    **Hearing Scheduled**

The above referenced matter has been set for call docket announcement/non-testimonial motion hearing on 9/21/23 at 9:30 a.m. (see filing for details). SO ORDERED: JUDGE DAVID A. ROITHER.
    **Associated Entries: 09/21/2023 - Hearing Continued/Rescheduled**
    **Scheduled For:** 09/21/2023; 9:30 AM; DAVID A ROITHER; City of St. Louis
    **Hearing Continued/Rescheduled**
Continuance Reason - Request of Court
    **Associated Entries: 06/07/2023 - Hearing Continued/Rescheduled**
    **Associated Entries: 06/08/2023 - Hearing Scheduled**
    **Associated Entries: 09/21/2023 - Hearing Continued/Rescheduled**
    **Hearing Continued From:** 07/13/2023; 9:30 AM Hearing

**07/06/2023**
    **Summons Personally Served**
Document ID - 23-AASM-3467; Served To - CHRISTOPHERDPERKINS; Served Date - 06/15/2023; Served Time - 04:37:00; Service Type - SP; Reason Description - SERV; Service Text -

**07/05/2023**
    **Affidavit Filed**

Affidavit of Non-Military Service; Electronic Filing Certificate of Service.
    **Filed By:** FAIQ M MIHLAR
    **On Behalf Of:** MARINER FINANCE LLC
    **Notice of Service**

Affidavit of Service; Electronic Filing Certificate of Service.
    **Filed By:** FAIQ M MIHLAR
    **On Behalf Of:** MARINER FINANCE LLC

**06/08/2023**
    **Alias Summons Issued**

Document ID: 23-AASM-3467, for PERKINS, CHRISTOPHER D.
    **Hearing Scheduled**
    **Associated Entries: 08/17/2023 - Hearing Continued/Rescheduled** +
    **Scheduled For:** 07/13/2023; 9:30 AM; DAVID A ROITHER; City of St. Louis

**06/07/2023**

**Motion Special Process Server**

Motion to Appoint Special Process Server; Electronic Filing Certificate of Service.
    **Filed By:** FAIQ M MIHLAR
    **On Behalf Of:** MARINER FINANCE LLC
**Alias Summons Requested**

Request for Alias Summons; Electronic Filing Certificate of Service.
    **Filed By:** FAIQ M MIHLAR
**Hearing Continued/Rescheduled**
    **Associated Entries: 06/06/2023 - Hearing Continued/Rescheduled**
    **Associated Entries: 06/06/2023 - Hearing Scheduled**
    **Associated Entries: 08/17/2023 - Hearing Continued/Rescheduled**   +
    **Hearing Continued From:** 06/29/2023; 9:30 AM Hearing

**06/06/2023**
    **Alias Summons Issued**

    Document ID: 23-AASM-3410, for PERKINS, CHRISTOPHER D.
    **Hearing Scheduled**
        **Associated Entries: 06/07/2023 - Hearing Continued/Rescheduled**
        **Scheduled For:** 06/29/2023; 9:30 AM; DAVID A ROITHER; City of St. Louis
    **Motion Special Process Server**

        **Filed By:** THOMAS MATTHEW VOIGT
        **On Behalf Of:** MARINER FINANCE LLC
    **Alias Summons Requested**

    Request for Alias Summons; Electronic Filing Certificate of Service.
        **Filed By:** THOMAS MATTHEW VOIGT
    **Hearing Continued/Rescheduled**
        **Associated Entries: 05/05/2023 - Hearing Scheduled**
        **Associated Entries: 06/07/2023 - Hearing Continued/Rescheduled**
        **Hearing Continued From:** 06/08/2023; 9:30 AM Hearing

**05/05/2023**
    **Summons Issued-Associate**

    Document ID: 23-ADSM-3697, for PERKINS, CHRISTOPHER D..
    **Hearing Scheduled**
        **Associated Entries: 06/06/2023 - Hearing Continued/Rescheduled**
        **Scheduled For:** 06/08/2023; 9:30 AM; DAVID A ROITHER; City of St. Louis
    **Filing Info Sheet eFiling**
        **Filed By:** THOMAS MATTHEW VOIGT
    **Motion Special Process Server**

    Motion to Appoint Special Process Server.
        **Filed By:** THOMAS MATTHEW VOIGT
        **On Behalf Of:** MARINER FINANCE LLC
    **Pet Filed in Associate Ct**

    Petition for Breach of Contract.
        **Filed By:** THOMAS MATTHEW VOIGT
    **Judge Assigned**

**2322-AC05808**

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

MARINER FINANCE, LLC,
211A S. Kingshighway St.
Cape Girardeau, MO 63703

                Plaintiff,

vs.

CHRISTOPHER D. PERKINS,

**SERVE AT RESIDENCE:**
   3664 French Avenue
   St. Louis, MO 63116

            Defendant.

Cause No.:

Division No.:

**PETITION**
**BREACH OF CONTRACT**

    **NOW COMES** the Plaintiff, Mariner Finance, LLC, (hereinafter ''Plaintiff''), by Heavner, Beyers & Mihlar, LLC, its attorneys, complaining of the Defendant, Christopher D. Perkins, and states as follows:

    1.    That the Plaintiff is a corporation authorized to do business in the State of Missouri, and is doing business at 211A S. Kingshighway St., Cape Girardeau, MO 63703.

    2.    Defendant is an individual residing in St. Louis, Missouri, at the address listed above.

    3.    That for good and valuable consideration given by Plaintiff, the Defendant, Christopher D. Perkins, executed a Note, Security Agreement & Arbitration Agreement, a true and correct copy of which is attached hereto and made a part hereof as Exhibit ''A,'' with loan number redacted.

    4.    That the Defendant, Christopher D. Perkins, has defaulted under the terms of said Note, Security Agreement & Arbitration Agreement by failing to make the required monthly payments under the terms of the Note, Security Agreement & Arbitration Agreement. Plaintiff has made demand for payment, but Defendant has failed to pay same.

    5.    That Plaintiff has performed all conditions precedent by it to be performed.

6.      That as of February 20, 2023, there is due and owing the Plaintiff the sum of Two Thousand Seventy-Nine and 77/100 ($2,079.77), principal and interest under the terms of said Note, Security Agreement & Arbitration Agreement. See Exhibit ''B.''

7.      Plaintiff has been directly and proximately damaged by Defendant's failure to pay in full for all services.

8.      That pursuant to the terms of said Note, Security Agreement & Arbitration Agreement, Plaintiff is entitled to legal expenses incurred by the Plaintiff in collecting said Note, Security Agreement & Arbitration Agreement, after the occurring of an event of default.

**WHEREFORE**, Plaintiff prays for Judgment in its favor and against the Defendant, Christopher D. Perkins, for the sum of Two Thousand Seventy-Nine and 77/100 ($2,079.77), consisting of principal and pre-judgment interest, plus costs incurred herein.

MARINER FINANCE, LLC, Plaintiff

BY _____

Faiq Mihlar #50501
Veronika J. Miles #67254
Thomas M. Voigt #74281
Attorney for Plaintiff
Heavner, Beyers & Mihlar, LLC

HEAVNER, BEYERS & MIHLAR, LLC
Attorneys at Law
P.O. Box 740
Decatur, IL 62525
MissouriFilings@hsbattys.com
Telephone: (217) 422-1719

EXHIBIT

**A**

## NOTE, SECURITY AGREEMENT & ARBITRATION AGREEMENT (Missouri)

| Name & Mailing Address of Borrower(s) | Co-Borrower(s) | | |
|---|---|---|---|
| CHRISTOPHER D PERKINS | | | |
| | CO-BORROWER ADDRESS IF NOT THE SAME | | |
| 1204 N KINGSHIGHWAY 9 | | Maturity Date | Account No. |
| PERRYVILLE, MO  63775 | | 05/06/2024 | |
| | | Loan Date | Loan Type |
| | | 01/06/2022 | 10 |

The borrower(s) who sign this Note, Security Agreement & Arbitration Agreement (*note*) are called *I, you* or *your*. The **lender/creditor, Mariner Finance, LLC**, whose address is 211A S KINGSHIGHWAY ST, CAPE GIRARDEAU, MO  63703 ,
is called *we, us,* or *our*. Each borrower is responsible for individually repaying the loan in full.
These disclosures are required by law and are part of this note:

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 35.98 % | $ 1,129.74 | $ 2,296.06 | $ 3,425.80 |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 1 | $        122.35 | 02/06/2022  First Payment Date |
| 27 | $        122.35 | Other payments are due on the same date each following month until paid in full. |

**Security:**  You are giving a security interest in: ☐ the goods or property being purchased.
☒ Unsecured                                                                                                ("PP" means certain household items)
**Late Payment:**  If a payment remains unpaid more than 15 days after it is due, you will pay a late charge equal to the greater of $15 or 5% of the scheduled payment, subject to a maximum charge of $50 (maximum charge of $5 for payments of $25 or less).
**Prepayment:**  If you pay off early, you may be entitled to a refund of part of the finance charge.
See the rest of this note for additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds.

*e means an estimate*

**Itemization of Amount Financed**

| | |
|---|---|
| 1. $ NONE  Net Balance-Prior Account | |
| 2. $ NONE  Plus Accrued Interest | |
| 3. $ NONE  Unpaid Balance-Prior Account | |
| 4. $ 43.85  To Insurance Company for Life Ins.* | |
| 5. $ 148.34  To Insurance Company for Dis. Ins.* | |
| 6. $ NONE  To Insurance Company for Property Ins.* | |
| 7. $ 103.92  To Insurance Company for Invol. Unemp. Ins.* | |
| 8. $ NONE  To Insurance Company for Single Interest Auto Ins.* | |
| 9. $ NONE  To us for GAP Contract* | |
| 10. $ NONE  To Public Officials for Recording Fees | |
| 11. $ 1,999.95  Cash to Borrower(s) | |

12. $    2,296.06  Amount Financed (Sum of 3-11)
13. $    100.00  Prepaid Finance Charge (Loan Origination Charge)
*We or our affiliates may receive benefits from your purchase of these items.

At your direction and request, on your behalf and for your benefit, we will disburse the following (including any items described on Schedule B):

| | | |
|---|---|---|
| a) $ 1,500.00 | To | CHRISTOPHER D PERKINS |
| b) $ 499.95 | To | CHRISTOPHER D PERKINS |
| c) $ NONE | To | N/A |
| d) $ NONE | To | N/A |
| e) $ NONE | To | N/A |
| f) $ NONE | To | N/A |
| g) $ NONE | To | N/A |

**You promise to pay us the Total of Payments stated above,** which includes interest computed in advance on the Amount Financed plus the Prepaid Finance Charge (the *Principal Amount*) at the annual simple interest rate of 31.85% (the *Interest Rate*), in monthly payments as scheduled above.  All payments we receive will be applied first to late and other charges, then to the unpaid Total of Payments until it is paid in full.  You will pay interest on the unpaid Principal Balance after maturity (whether originally scheduled or accelerated) and after judgment until paid in full at the Interest Rate.

**You agree to pay the charges permitted by applicable law.**  You agree to pay a loan origination charge as stated above, which is deducted from the proceeds of the loan.  The loan origination charge fee is earned when the loan is made and will not be refunded if the loan is prepaid.  We charge only one late charge on any payment or part of a payment.  You agree to pay a loan origination charge and any applicable late charges as stated in the incorporated disclosures above.  You will pay us a bad check fee of $25.00 (plus the amount passed on from other financial institutions) if you make any payment with a check or like instrument that is dishonored.  In addition, as of any regular due date, with our consent, you may defer an unpaid payment and extend the maturity date of this note by a corresponding period.  You agree to pay us a fee for such deferment, up to the amount of any maximum deferment fee allowed by law.

**Purchase of credit life, credit disability and involuntary unemployment insurance is not required and such insurance won't be provided unless you sign and agree to pay the additional cost. You may purchase 1 or more of these coverages at your option.**

| | Term | Premium | | |
|---|---|---|---|---|
| Credit Life ☒ Single ☐ Joint Coverage | 28 | $ 43.85 | I want credit life insurance. | Signature *CHRISTOPHER D PERKINS* |
| | | | I also want joint credit life insurance. | Signature |
| Credit Disability ☒ Single ☐ Joint Coverage | 28 | $ 148.34 | I want credit disability insurance | Signature *CHRISTOPHER D PERKINS* |
| | | | I also want joint credit disability insurance. | Signature |
| Involuntary Unemployment ☒ Single ☐ Joint Coverage | 28 | $ 103.92 | I want involuntary unemployment insurance. | Signature *CHRISTOPHER D PERKINS* |
| | | | I also want joint involuntary unemployment ins. | Signature |

MO Direct PC Note 8.2021
10383-01
01/06/2022  10:52 AM

**Property Insurance**. **You may buy property insurance from anyone you want**. If you get single interest auto property insurance through us for a term of __N/A__ months, you will pay $ __NONE__ . If you get dual interest property insurance through us for a term of __N/A__ months, you will pay $ __NONE__ . **YOU MAY NOT NEED TO PURCHASE CREDIT PROPERTY INSURANCE, AND YOU MAY HAVE OTHER INSURANCE WHICH THIS CREDITOR WILL ACCEPT WHICH COVERS THE PROPERTY SECURING THIS LOAN. YOU SHOULD EXAMINE ANY OTHER INSURANCE WHICH YOU HAVE IN ORDER TO DETERMINE IF THIS COVERAGE IS NECESSARY.**

*I want* ☐ *single interest auto property insurance* ☐ *dual interest property insurance through you.*
*Signature* _____ *("NONE" means you are not getting property insurance through us.)*

**The purchase of a GAP (Debt Cancellation) Contract is not required to get credit and won't be provided unless you sign and agree to pay the additional cost**. If you get a GAP Contract from us for a term of N/A months you will pay $ NONE . *I want to buy a GAP Contract from you.*
*Signature* _____

**You grant us a security interest in the following property**, all parts, accessories, and equipment now or later added to the property, and all proceeds (collectively, the *Property*). We give up any right we have (now or later) to consider collateral you give us for another obligation as collateral for this note unless it is described in this note. We may inspect the Property at any reasonable time. You will show us the Property or give us a written statement showing the location of the Property whenever we ask. You authorize us to file all financing statements, continuation statements and security interest filing statements with respect to the Property and you agree to sign such statements at our request.

☐ Motor Vehicle(s) described as follows

| NEW OR USED | YEAR AND MAKE | NO. CYL | SERIES NAME (Also No. if applicable) | BODY, TYPE & MODEL NO. (If truck, tons capacity) | IDENTIFICATION NO. (Serial or Motor No.) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

☐ Personal Property. See attached Schedule A, which is part of this note, for more detail.

**You may prepay this loan in full or in part at any time.** If you prepay in part, you must still make each later payment in the original amount as it becomes due until the loan is paid in full. If you prepay this loan in full, we will refund or credit the unearned interest portion of the finance charge as provided in Missouri Stat. §408.170. For loans of $5,000 or less with an original term of 61 months or less, we will compute the refund or credit in accordance with the Rule of 78's. For loans of more than $5,000 or with a term of more than 61 months, we will compute the refund or credit based on the actuarial method. Insurance premium refunds will be computed based on the actuarial refund, but insurance refunds of less than $1.00 will not be made.

**You promise that**: you are the owner of the Property and, if there is a certificate of title to the Property, you will promptly deliver the certificate to us; you will not sell, lease or otherwise dispose of the Property without our prior written consent; you will keep the Property in this state, unless the Property is a motor vehicle, in which case you only will use it outside this state in the course of your normal use of the Property; you will not use the Property in violation of any law or in any manner inconsistent with any insurance policy; you will pay all taxes, assessments and other fees payable on the Property when they are due and payable; only we have a security interest in the Property unless you have told us in writing about another security interest; you will not permit any other security interest to be on the Property without our prior written consent; and you will keep the Property in good condition and repair and you will not permit anything to be done to the Property that would impair its value.

**ADDITIONAL TERMS AND CONDITIONS**

1. If the Property is a motor vehicle, you agree to buy and maintain primary physical damage automobile insurance consisting of comprehensive and collision coverage, covering loss or damage to the Property. Your physical damage insurance policy must insure the Property for its full replacement value with a deductible amount of no more than $500. Your insurance policy must say that the insurance is payable to us to the extent of what you owe us and you must give us a loss payable clause satisfactory to us. You assign any returned or unearned insurance premiums due upon cancellation of any insurance policy to us. You direct the insurance companies to pay us all insurance proceeds and returned or unearned insurance premiums.

2. You will be in default if: you do not make a payment when it is due or our prospect of payment, performance, or ability to realize on any collateral for the loan is significantly impaired. When you are in default (after any notice required by applicable law) we may require you to pay the entire balance of this loan, less a refund or credit of the unearned interest computed in the same way as if you had made payment in full in advance, in addition to any other remedies we have. If we place this note in the hands of an attorney, not our salaried employee, for collection, and it is necessary to bring suit, you agree to pay the reasonable fees of our attorney in the amount of 15% of the amount due together with court costs assessed. You also agree to pay our reasonable costs and expenses of retaking, holding, preparing for sale, and selling any Property in accordance with the Missouri Uniform Commercial Code.

3. When you are in default, we have the rights and remedies of a secured party under Missouri law, including the right to repossess the Property. If the law requires us to give you notice of sale or disposition of the Property, 10 days prior notice will be reasonable notice, unless a longer notice period is required by law. The notice may be sent to your address last shown on our records. We may require you to assemble and make the Property available to us at any place convenient to both of us. If any of your possessions are in or attached to the Property at the time it is repossessed, you authorize us to take them without any liability. We will store them for you safely. We will tell you where they are stored and you may redeem them. If you do not claim your possessions within 90 days after the Property is repossessed, we may dispose of them without notice to you in any manner we deem appropriate. For loans with an Amount Financed of more than $500 and an outstanding balance due at the time of default of at least $300, you agree to pay any deficiency after the sale of the Property.

4. We can waive or delay enforcing any of our rights without losing them. We can waive or delay enforcing a right against one of you without losing it as to the other. We can release one of you without releasing the other. You consent to extensions of time without notice.

5. **Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect you (borrower(s)) and us (creditor) from misunderstanding or**

MO Direct PC Note 8.2021
10383-02
01/06/2022  10:52 AM

disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.

6. Missouri law and federal law govern this note. If any part of this note is unenforceable, this will not make any other part unenforceable (subject to the paragraph below titled **No Class Actions, Etc.**). You won't be required to pay interest or charges in excess of those permitted by law. In addition, if any provision of this note is contrary to the rights and protections afforded to any "covered borrower" under 32 C.F.R. § 232.8, such contrary provision of this note shall be inoperative and shall have no force or effect in connection with such "covered borrower;" however all remaining provisions of this note shall remain in full force and effect.

---

**Military Lending Act Disclosures:** **THE FOLLOWING DISCLOSURES APPLY IF YOU ARE AN ACTIVE DUTY MEMBER OF THE MILITARY OR A DEPENDENT OF AN ACTIVE DUTY MILITARY MEMBER.**

Mariner Finance, LLC appreciates your and your family's service to our country. As an active duty member of the military (or dependent of an active duty military member), the Federal Military Lending Act ("MLA") provides you with certain protections. Please see below for important information about your loan.

**Federal law provides important protections to members of the Armed Forces and their dependents relating to extensions of consumer credit. In general, the cost of consumer credit to a member of the Armed Forces and his or her dependents may not exceed an annual percentage rate of 36 percent. This rate must include, as applicable to the credit transaction or account: The costs associated with credit insurance premiums; fees for ancillary products sold in connection with the credit transaction; any application fee charged (other than certain application fees for specified credit transactions or accounts); and any participation fee charged (other than certain participation fees for a credit card account).**

Please also call 1-877-299-3124 to receive your MLA disclosures over the phone.

---

**READ THE BELOW ARBITRATION AGREEMENT CAREFULLY. IT PROVIDES, AMONG OTHER TERMS:**
- **YOU OR WE MAY ELECT TO HAVE DISPUTES BETWEEN US RESOLVED BY BINDING ARBITRATION INSTEAD OF IN COURT.**
- **IN ARBITRATION YOU GIVE UP THE RIGHT TO SUE IN COURT AND DISCOVERY AND RIGHTS OF APPEAL ARE LIMITED. A NEUTRAL ARBITRATOR RESOLVES THE DISPUTE INSTEAD OF A JUDGE OR JURY.**
- **YOU MAY NOT PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER IN ARBITRATION OR IN ANY OTHER CONSOLIDATED PROCEEDING.**
- **YOU MAY REJECT THE BELOW ARBITRATION AGREEMENT FOR A CERTAIN AMOUNT OF TIME AFTER THE NOTE DATE.**

*The below Arbitration Agreement does not apply to any "covered borrower" as defined in the Military Lending Act.*

---

By signing this note, you agree to this Arbitration Agreement (Agreement). This Agreement is part of your note. In this Agreement, "you," "we," "us," and "our" include subsidiaries, affiliates, agents, employers, successors, and assigns.

    **Arbitration Agreement**. You or we may elect to have any Claim (defined below) resolved by neutral binding arbitration instead of in court. You waive any right you have to resolve a Claim between you and us in court. You waive any right you have to participate as a class representative or class member.

    **Claim.** Claim means any claim or dispute, whether arising in law, equity, or otherwise, and regardless of the type of relief sought arising from or relating to your application for credit, the note, the origination, servicing and enforcement of the obligation, any insurance contract or warranty or other product or service you buy, and any relationship that results from the note, the underlying obligation or any of the foregoing. Claim includes initial claims, counterclaims, cross-claims, and third-party claims. Claim also includes disputes based upon contract, tort, consumer rights, fraud and other intentional torts, constitution, statute, regulation and ordinance. "Claim" does not include any dispute or controversy about the validity, enforceability or scope of this Agreement or any part thereof (including, without limitation, the Class Action Waiver set forth below, subparts (A) and (B) of the "Other Agreements" section set forth below and/or this sentence); all such disputes or controversies are for a court and not an arbitrator to decide. Any dispute or controversy that concerns the validity, enforceability or scope of the note as a whole is for the arbitrator, not a court, to decide.

    **Small Claims.** You and we retain the right to seek individual relief in small claims court so long as the Claim is only in that court and is within that court's jurisdiction. Filing or pursuing a Claim in small claims court does not waive any right to seek arbitration for Claims outside the court's jurisdiction or if the Claim is transferred, removed, or appealed to a different court.

    **Excluded Claims.** The following claims, called Excluded Claims, are excluded from the arbitration process: (a) self-help remedies (such as repossession), (b) foreclosure, replevin, garnishment, (c) any individual action in court by one party to prevent the other party from using a self-help remedy and that does not seek damages or monetary relief of any kind; and/or (d) public injunctive relief. Pursuing an Excluded Claim in court does not waive any right to seek arbitration for Claims that are not excluded.

    **Non-Waiver**. Even if a Claim is brought in court, you or we may choose to arbitrate any Claim made by a new party or any Claim later asserted by a party in that action or any related or unrelated lawsuit. Nothing in that litigation shall constitute a waiver of any rights under this Agreement.

    **Arbitration Process.** Arbitrations will be conducted by the American Arbitration Association ("AAA") or, if the AAA is not available, another arbitration organization, subject to agreement by both you and us. If you and we cannot agree, a court with jurisdiction will appoint the arbitration organization or arbitrator. You can find the rules of the AAA by visiting its website at www.adr.org. Arbitrators must be attorneys or retired judges with at least 15 years of experience practicing law. Arbitrators must be selected according to rules of the AAA or any other agreed or appointed arbitration organization. Arbitrators must apply substantive governing law consistent with the Federal Arbitration Act and applicable statutes of limitation and privileges. The arbitrator may award any damages or other relief or remedies that would apply under applicable law to an individual action brought in court, including, without limitation, punitive damages (which shall be governed by the Constitutional standards employed by the courts) and injunctive, equitable and declaratory relief (but only in favor of the individual party seeking relief and only to the extent necessary to provide relief warranted by that party's individual claim).

MO Direct PC Note 8.2021
10383-03
01/06/2022  10:52 AM

The arbitration hearing will be conducted in the federal district where you live. The arbitration may take place somewhere else more convenient to you if required by the rules of the AAA or any other agreed arbitration organization. If you and we agree, the arbitration can be conducted by telephone. We will advance and/or pay any fees and costs required by the rules of the AAA or any other agreed or appointed arbitration organization to ensure this arbitration agreement is enforceable. You and we will each pay our own attorney's fees and witness and experts' expenses, except as otherwise required by the note, applicable law or this Agreement. The arbitration award must be in writing. Any award must be kept confidential. The arbitrator's decision is final and binding. You and we have a limited right to appeal as permitted under the Federal Arbitration Act or the rules of the AAA (or the rules of any other agreed or appointed arbitration organization if such organization conducts the arbitration). No arbitration award involving the parties will have any preclusive effect as to issues or claims in any dispute involving anyone who is not a party to the arbitration, nor will an arbitration award in prior disputes involving other parties have preclusive effect in an arbitration between the parties to this Agreement.

**30 Days to Resolve Claims.** Before you start an arbitration, you agree to write to us at our address below (or any changed address that we have provided to you in writing) and give us a reasonable opportunity to resolve your Claim. Your letter must tell us your name and account number, describe your Claim, including the dollar amount of your Claim, and describe any other information you need from us.

Before we start an arbitration, we must write to you at your address at the top of the note (or any changed address that you have told us about in writing), describe our Claim, including the dollar amount of our Claim, and give you a reasonable opportunity to resolve the Claim.

We each have 30 days from receipt of notice to resolve the Claim before starting an arbitration.

**Applicable Law**. This Agreement relates to a credit transaction involving interstate commerce and  is governed by the Federal Arbitration Act (9 U.S.C. § 1 *et seq.*), and only in the event and to the limited extent that the Federal Arbitration Act does not apply, the law of the state governing your note will apply.

**CLASS ACTION WAIVER. OTHER THAN AS EXPRESSLY PROVIDED IN THIS AGREEMENT, YOU AND WE AGREE THAT IF ARBITRATION IS ELECTED, ONLY AN ARBITRATOR MAY RESOLVE CLAIMS. YOU AGREE NOT TO BRING OR PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER IN ANY CLASS ACTION IN COURT OR IN ARBITRATION OR IN ANY OTHER CONSOLIDATED PROCEEDING OR PRIVATE ATTORNEY GENERAL ACTION. ANY CLAIM BETWEEN YOU AND US MUST BE RESOLVED ON AN INDIVIDUAL BASIS. ARBITRATION IS NOT AVAILABLE AND WILL NOT BE CONDUCTED ON A CLASS-WIDE OR CONSOLIDATED BASIS.**

**Other Agreements**. If any part of this Agreement is found by a court or arbitrator to be unenforceable, the remainder is enforceable, except that: (A) If the Class Action Waiver is limited, voided or found unenforceable in a proceeding between you and us, then this Agreement (except for this sentence) shall be null and void with respect to such proceeding, subject to the right to appeal the limitation or invalidation of the Class Action Waiver; and (B) if a Claim is brought seeking public injunctive relief and a court determines that the restrictions in the Class Action Waiver or elsewhere in this Agreement prohibiting the arbitrator from awarding relief on behalf of third parties are unenforceable with respect to such Claim (and that determination becomes final after all appeals have been exhausted), the Claim for public injunctive relief will be determined in court and any individual Claims seeking monetary relief will be arbitrated. In such a case the parties will request that the court stay the Claim for public injunctive relief until the arbitration award pertaining to individual relief has been entered in court. This Agreement will survive the termination of the note, regardless of reason for termination, the sale or assignment of your obligation by us to a third party, the repayment of some or all amounts owed under the note and any bankruptcy by you, to the extent consistent with applicable bankruptcy law. In the event of a conflict or inconsistency between this Agreement, on the one hand, and the applicable arbitration rules or the other provisions of the note, on the other hand, this Agreement shall govern. Except as otherwise stated in this Agreement, either you or we can compel arbitration in any court proceeding, regardless of which party filed suit. Either you or we can enforce an arbitration award. This Agreement does not stop you from filing a complaint with a federal, state, or local regulator.

**Rejection of Agreement**. *You may reject this Agreement by sending us a rejection notice at 8211 Town Center Drive, Nottingham, MD 21236 (and no other location) within 60 days after the date of the note. The notice must include a statement that you reject the Agreement, and your name, address, telephone number, and account number. You must sign the rejection notice in order for it to be effective. Rejection of this Agreement will not affect any other provision of the note.*

You received a completely filled in copy of this note before you signed it. This note (all 4 pages) and Schedules A and B (if any) is your entire agreement with us and cannot be changed except in writing signed by us. **Pages 3 and 4 contain an arbitration agreement that is part of this note. By signing below, you agree to all of the terms of this note and you authorize us to order credit reports on you from time to time.** You ask us to make the payments listed in the Itemization of Amount Financed on page 1 and on Schedule B (if any).

| | |
|---|---|
| _____ | _CHRISTOPHER D PERKINS_____ (SEAL) |
| (WITNESS) | (BORROWER) |
| _____ | _____ (SEAL) |
| (WITNESS) | (BORROWER) |
| _____ | _____ (SEAL) |
| (WITNESS) | (BORROWER) |
| _____ | _____ (SEAL) |
| (WITNESS) | (BORROWER) |

Any individuals that sign this note as non-obligor below sign solely for the purpose of granting us a security interest in the Property and such individuals are not obligated for the payment of any monies.

| | |
|---|---|
| _____ | _____ (SEAL) |
| (WITNESS) | (NON-OBLIGOR) |
| _____ | _____ (SEAL) |
| (WITNESS) | (NON-OBLIGOR) |

□ **The following notice applies if this box is checked: NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The within instrument or agreement is pledged as collateral to Wells Fargo Bank, N.A.

MO Direct PC Note 8.2021
10383-04
01/06/2022  10:52 AM

STATE OF _Missouri_ )
                          ) SS
COUNTY OF _Cape Girardeau_ )

### AFFIDAVIT

_Jonna McClard_, authorized agent for <u>Mariner Finance, LLC</u>, being first duly sworn on oath deposes and states as follows:

1. I am a competent person more than 18 years of age and I am authorized to make this Affidavit on behalf of the Plaintiff.

2. I am familiar with the manner and method by which the Plaintiff creates and maintains business records pertaining to the Agreement as defined below.

3. In the normal course of business, the Plaintiff maintains computerized account records and documents for its loans. Plaintiff maintains such records in the ordinary and normal course of business, and it is its regular business practice to accurately record any business act, condition, or event onto the computer record maintained for the loan, with the entries made at or very near the time of any such occurrence.

4. I have access to and have reviewed the applicable records of the Plaintiff as they relate to the Agreement, and I make this Affidavit based upon information from that review. Information contained in those records reflects the following:

  a. That the Defendant(s), <u>Christopher D. Perkins</u>, entered into a <u>Note, Security Agreement & Arbitration A</u> (the "Agreement")

  b. That as of 2/20/2023, the records of the Plaintiff show that the Defendant owes a balance of $2079.77____. See account information attached hereto.

AFFIANT STATES NOTHING MORE.

_Jonna McClard_
Name

_Jonna McClard_
Signature

_Branch Manager_
Title

_2/22/23_
Date

     SWORN TO and subscribed before me this 22nd day of _February_, 2023 by _Jonna McClard_ as _Branch Manager_ of <u>Mariner Finance, LLC</u>. He/she (✗) is personally known to me or ( ) produced _____ as identification.

HALEY RAE DABBS
Notary Public - Notary Seal
STATE OF MISSOURI
Cape Girardeau County
My Commission Expires: Oct. 13, 2025
Commission #21039560

_Haley Rae Dabbs_
Notary Public
My commission expires

_10/13/25_

2/22/2023

Loan Payoff Quoted For 02/20/2023

Reference Number:
Loan Number: ███████
Customer Name: PERKINS   C D
Property Address:
                3664 FRENCH AVE
                ST LOUIS MO 63116

Dealer Info:   10016 CREDIT KARMA
Interest Rate: 31.85000


Principal Balance ............................    1,979.71
Interest .....................................       70.06
Late Charges .................................       30.00
                        Sub Total .... $         2,079.77

Credits:
MO SINGLE LIFE ...............................      -12.96
MO SINGLE A&H 7 D ............................      -43.84
MO IUI .......................................      -30.72
                        Sub Total .... $            87.52

Total Payoff Amount ......................... $   1,992.25




This quote is valid through 02/20/2023. The per diem on your account is
$1.75. If the account is paid off on a day other than the payoff date the
amount due may be adjusted. Please call for a final payoff quote. This loan
must be kept current or late charges will be assessed. This payoff is
subject to final audit.

Electronically Filed - City of St. Louis - May 05, 2023 - 09:55 AM

**In the**
# CIRCUIT COURT
## City of St. Louis, Missouri

Mariner Finance, LLC
_____
Plaintiff/Petitioner

vs.

Christopher D. Perkins
_____
Defendant/Respondent

For File Stamp Only

April 26, 2023
_____
Date

_____
Case number

28
_____
Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now MARINER FINANCE, LLC _____, pursuant
Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of

| Marybeth Rice, Richard A. Raymond , Kim Rice,   Gary Tillman, Pat Medley | | 314-644-3955 |
|---|---|---|
| Name of Process Server | Address | Telephone |
| Richard Hopson, Martin Hueckel, Darren Thebea | 1528 S Big Bend Blvd, St Louis, MO | 314-644-3955 |
| Name of Process Server | Address | Telephone |
| Kathleen Langdon, & Lawrence G. Roth. | 1528 S Big Bend Blvd, St Louis, MO | 314-644-3955 |
| Name of Process Server | Address | Telephone |

to serve the summons and petition in this cause on the below named parties.

SERVE:

Christopher D. Perkins
_____
Name

3664 French Avenue
_____
Address

St. Louis, MO 63116
_____
City/State/Zip

SERVE:

_____
Name

_____
Address

_____
City/State/Zip

SERVE:

_____
Name

_____
Address

_____
City/State/Zip

SERVE:

_____
Name

_____
Address

_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk


By_____
Deputy Clerk


_____
Date

Faiq Mihlar    /   Thomas M. Voigt
_____
Attorney/Plaintiff/Petitioner

#50501  / #74281
_____
Bar No.

P. O. Box 740, Decatur, IL 62525
_____
Address

217-422-1719
_____
Phone No.

Electronically Filed - City of St. Louis - May 05, 2023 - 09:55 AM

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers. Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license. No other identification will be allowed. All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers. The license fees shall be made payable to the Sheriff of the City of St. Louis.

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

   Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing. Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk. Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years. Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>DAVID A ROITHER | **Case Number:**<br>**2322-AC05808** | Special Process Server 1<br>M RICE |
| Plaintiff/Petitioner:<br>MARINER FINANCE LLC | Plaintiff's/Petitioner's Attorney/Address:<br>THOMAS MATTHEW VOIGT<br>301 E WILLIAM STREET<br>DECATUR, IL 62523 | Special Process Server 2<br>R RAYMOND |
| | | Special Process Server 3<br>K RICE |
| vs. | | |
| Defendant/Respondent:<br>CHRISTOPHER D. PERKINS | Date, Time and Location of Court Appearance:<br>**08-JUN-2023, 09:30 AM** | |
| Nature of Suit:<br>AC Breach of Contract | **Division 28**<br>**CIVIL COURTS BUILDING**<br>**10 N TUCKER BLVD**<br>**SAINT LOUIS, MO 63101** | (Date File Stamp) |

## Associate Division Summons

The State of Missouri to: CHRISTOPHER D. PERKINS
                          Alias:

3664 FRENCH AVENUE
ST. LOUIS, MO 63116

SPECIAL PROCESS SERVER



*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to chapter 517, RSMo. Should you have any questions regarding responsive pleadings in this case you should consult an attorney.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

_____May 5, 2023_____          _Thomas Kloeppinger_
            Date                              Circuit Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Service must not be made less than 10 days nor more than 60 days from the date the defendant/respondent is to appear in court.

I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____
_____ (address) in
Served at _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                    Date                              Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $____10.00____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| Total | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>DAVID A ROITHER | Case Number:<br>2322-AC05808 | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner:<br>MARINER FINANCE LLC | Plaintiff's/Petitioner's Attorney/Address:<br>THOMAS MATTHEW VOIGT<br>301 E WILLIAM STREET | Special Process Server 2 |
| vs. | DECATUR, IL  62523 | Special Process Server 3 |
| Defendant/Respondent:<br>CHRISTOPHER D PERKINS | Date, Time and Location of Court Appearance:<br>**29-JUN-2023, 09:30 AM**<br>**Division 28** | |
| Nature of Suit:<br>AC Breach of Contract | **CIVIL COURTS BUILDING**<br>**10 N TUCKER BLVD**<br>**SAINT LOUIS, MO  63101**<br>Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at **http://www.stlcitycircuitcourt.com/** | File Stamp |

## Associate Division Alias Summons

The State of Missouri to: CHRISTOPHER D PERKINS
Alias:

| 3664 FRENCH AVENUE<br>ST LOUIS, MO  63116 | | **SPECIAL PROCESS SERVER** |
|---|---|---|

**COURT SEAL OF**

*CITY OF ST LOUIS*

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to chapter 517, RSMo. Should you have any questions regarding responsive pleadings in this case you should consult an attorney.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

| June 6, 2023 | *Thomas Kloeppinger* |
|---|---|
| Date | Clerk |

Further Information:

## Sheriff's or Server's Return

**Note to serving officer**: Service must not be made less than 10 days nor more than 60 days from the date the defendant/respondent is to appear in court.

I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.
Served at _____ (address) in
_____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

| *(Seal)* | **Must be sworn before a notary public if not served by an authorized officer.**<br>Subscribed and sworn to before me on _____ (date).<br>My commission expires: _____ _____ |
|---|---|
| | Date                                            Notary Public |

**Sheriff's Fees, if applicable**
Summons              $_____
Non Est               $_____
Sheriff's Deputy Salary
Supplemental Surcharge $    10.00
Mileage               $_____ (_____ miles @ $._____ per mile)
**Total**              $_____

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits,

see Supreme Court Rule 54.

STATE OF MISSOURI  } SS.
CITY OF ST. LOUIS

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL COURT**
(ST. LOUIS CITY)

MARINER FINANCE, LLC

_____

_____
Plaintiff(s)/Petitioner(s)

vs
CHRISTOPHER D. PERKINS

_____
Defendant(s)/Respondent(s)

CAUSE NO.   2322-AC05808

DIVISION NO.  28

# ALIAS/PLURIES SUMMONS

THE STATE OF MISSOURI,

TO THE SHERIFF OF THE CITY OF ST. LOUIS OR OTHER PERSON PROVIDED BY LAW,  GREETINGS:

We command you to summon      CHRISTOPHER D. PERKINS
Defendant
whose address is  36664 French Avenue, St. Louis, MO, 63116

to appear before the Circuit Court of the City of St. Louis, Division No. 28 , in the Civil Courts Building, located at

Tucker and Market Streets, in  St. Louis, Missouri, on the **6th**   day of **July**      **2023**   ,**9:30 o'clock AM**

to answer Complaint/Petition of the above named Plaintiff(s).  The nature of this suit concerns the following:
Petition for Breach of Contract

Petition for Breach of Contract

and the Plaintiff(s) is/are demanding the sum of $ 2,079.77 _____ Dollars plus interest, attorney fees, late charges, and court costs.

Each Defendant is hereby notified that if you fail to appear and answer at the time and place stated in this  Summons, judgment by default will be taken against you for the relief demanded in the Complaint/Petition. If you  do not pay the judgment, a portion of your wages may be garnished and certain of your property may be sold in   order to raise the money necessary to pay the judgment.

WITNESS, THOMAS L. KLOEPPINGER, CLERK of said Court with the Seal thereof affixed, at St. Louis, Missouri,

this          day of        .

_Thomas Kloeppinger_

**Thomas L. Kloeppinger**
**CIRCUIT CLERK**

SEAL of the CIRCUIT COURT

BY_____
DEPUTY CIRCUIT CLERK

Electronically Filed - City of St. Louis - June 06, 2023 - 09:39 AM

**RETURN ON SERVICE OF SUMMONS**

I hereby certify that I have served the within summons:

(1)  By delivering on the _____day of _____, _____ a copy of the  summons  with a copy of the complaint annexed to the within-named Defendant,

_____
_____
_____

(2)  By leaving on the _____day of _____, _____ for the within-named Defendant
_____
_____  a copy of the
Summons at the respective dwelling place or usual place of abode of said defendant with some person of his or her family over the age of 15 years:

(3)  By_____
     _____
     _____
     _____
     all done in _____ County, Missouri.

        Sheriff's Fees:
Summons...........$ _____ Sheriff of _____ County, Missouri.
Non est............. $ _____
Mileage...........$ _____                 By_____
                                                                              Deputy Sheriff
**Total**................$ _____


                        NO._____
                        DIV._____


            _____
            _____
                        **SUMMONS**
            _____
            _____

                        IN THE CASE OF
            _____
            _____
            _____
                        Plaintiff_____

Vs

            _____
            _____
                        Defendant_____

            _____
            _____
                        In The
                Missouri Circuit Court
             Twenty-Second Judicial Circuit
                    (St. Louis City)

## In the
# CIRCUIT COURT
## City of St. Louis, Missouri

For File Stamp Only

Mariner Finance, LLC
_____
Plaintiff/Petitioner

April 26, 2023
_____
Date

2322-AC05808
_____
Case number

vs.

Christopher D. Perkins
_____
Defendant/Respondent

28
_____
Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now MARINER FINANCE, LLC _____, pursuant
                    Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of

| | | |
|---|---|---|
| Marybeth Rice, Richard A. Raymond , Kim Rice,  Gary Tillman, Pat Medley | | 314-644-3955 |
| Name of Process Server | Address | Telephone |
| Richard Hopson, Martin Hueckel, Darren Thebea | 1528 S Big Bend Blvd, St Louis, MO | 314-644-3955 |
| Name of Process Server | Address | Telephone |
| Kathleen Langdon, & Lawrence G. Roth. | 1528 S Big Bend Blvd, St Louis, MO | 314-644-3955 |
| Name of Process Server | Address | Telephone |

to serve the summons and petition in this cause on the below named parties.

SERVE:

Christopher D. Perkins
_____
Name

3664 French Avenue
_____
Address

St. Louis, MO 63116
_____
City/State/Zip

SERVE:

_____
Name

_____
Address

_____
City/State/Zip

SERVE:

_____
Name

_____
Address

_____
City/State/Zip

SERVE:

_____
Name

_____
Address

_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

Faiq Mihlar    /   Thomas M. Voigt
_____
Attorney/Plaintiff/Petitioner

By_____
      Deputy Clerk

#50501  / #74281
_____
Bar No.

P. O. Box 740, Decatur, IL 62525
_____
Address

_____
Date

217-422-1719
_____
Phone No.

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers.  Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license.  No other identification will be allowed.  All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers.  The license fees shall be made payable to the Sheriff of the City of St. Louis.

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

   Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing. Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk. Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years. Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)

STATE OF MISSOURI  } SS.
CITY OF ST. LOUIS

# MISSOURI CIRCUIT COURT
## TWENTY-SECOND JUDICIAL COURT
(ST. LOUIS CITY)

MARINER FINANCE, LLC
_____
_____
                          Plaintiff(s)/Petitioner(s)
VS
CHRISTOPHER D. PERKINS
_____
_____
                          Defendant(s)/Respondent(s)

CAUSE NO.   2322-AC05808

DIVISION NO. 28

## ALIAS/PLURIES SUMMONS

THE STATE OF MISSOURI,

   TO THE SHERIFF OF THE CITY OF ST. LOUIS OR OTHER PERSON
PROVIDED BY LAW,  GREETINGS:

We command you to summon          CHRISTOPHER D. PERKINS
Defendant
whose address is 3664 French Avenue, St. Louis, MO, 63116

to appear before the Circuit Court of the City of St. Louis, Division No. 28 , in the Civil Courts Building, located at

Tucker and Market Streets, in  St. Louis, Missouri, on the 19th  day of July      2023    ,9:30 o'clock AM

to answer Complaint/Petition of the above named Plaintiff(s).  The nature of this suit concerns the
following:  Petition for Breach of Contract

Petition for Breach of Contract
_____

and the Plaintiff(s) is/are demanding the sum of $ 2,079.77 _____ Dollars plus interest, attorney fees, late charges,
and court costs.

   Each Defendant is hereby notified that if you fail to appear and answer at the time and place stated in this  Summons,
judgment by default will be taken against you for the relief demanded in the Complaint/Petition. If you  do not pay the judgment,
a portion of your wages may be garnished and certain of your property may be sold in   order to raise the money necessary to
pay the judgment.

WITNESS, THOMAS L. KLOEPPINGER, CLERK of said Court
with the Seal thereof affixed, at St. Louis, Missouri,

   this        day of        .

*Thomas Kloeppinger*

**Thomas L. Kloeppinger**
**CIRCUIT CLERK**

SEAL of the CIRCUIT COURT

BY_____
                          DEPUTY CIRCUIT CLERK

Electronically Filed - City of St. Louis - June 07, 2023 - 04:52 PM

**RETURN ON SERVICE OF SUMMONS**

I hereby certify that I have served the within summons:

(1)  By delivering on the _____ day of _____, _____ a copy of the  summons  with a copy
of the complaint annexed to the within-named Defendant,

_____
_____
_____
_____

(2)   By leaving on the _____ day of _____, _____ for the within-named Defendant
_____
_____ a copy of the
Summons at the respective dwelling place or usual place of abode of said defendant with some person of his or her family over the
age of 15 years:

(3)        By_____
_____
_____
_____

all done in _____ County, Missouri.

Sheriff's Fees:

Summons............$ _____   Sheriff of _____ County, Missouri.
Non est.............. $ _____
Mileage............$ _____               By_____
                                                                                        Deputy Sheriff
**Total**...............$ _____


NO._____
DIV._____


_____
_____
**SUMMONS**
_____
_____

IN THE CASE OF
_____
_____
_____
Plaintiff_____

Vs

_____
_____
Defendant_____

_____
_____
In The
Missouri Circuit Court
Twenty-Second Judicial Circuit
(St. Louis City)

Electronically Filed - City of St. Louis - June 07, 2023 - 04:52 PM

## In the
# CIRCUIT COURT
### City of St. Louis, Missouri

MARINER FINANCE, LLC
_____
Plaintiff/Petitioner

vs.

CHRISTOPHER D. PERKINS,
_____
Defendant/Respondent

June 7, 2023
_____
Date

2322-AC05808
_____
Case number

28
_____
Division

⌐                              ⌐
                For File Stamp Only
⌐                              ⌐

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  MARINER FINANCE, LLC                                  , pursuant
                        Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of
Marybeth Rice, Richard A. Raymond , Kim Rice,  Gary Tillman, Pat Medley    314-644-3955
_____
Name of Process Server                          Address                        Telephone
Richard Hopson, Martin Hueckel, Darren Thebea 1528 S Big Bend Blvd, St Louis, MO  314-644-3955
_____
Name of Process Server                          Address                        Telephone
Kathleen Langdon, & Lawrence G. Roth.          1528 S Big Bend Blvd, St Louis, MO  314-644-3955
_____
Name of Process Server                          Address                        Telephone
to serve the summons and petition in this cause on the below named parties.

SERVE:                                          SERVE:
Christopher Perkins
_____                     _____
Name                                            Name
3664 French Avenue
_____                     _____
Address                                         Address
St. Louis, MO 63116
_____                     _____
City/State/Zip                                  City/State/Zip

SERVE:                                          SERVE:

_____                     _____
Name                                            Name

_____                     _____
Address                                         Address

_____                     _____
City/State/Zip                                  City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk                /s/ Faiq Mihlar   / Veronika Miles
                                                _____
                                                Attorney/Plaintiff/Petitioner
                                                #50501 / #67254
                                                _____
By_____                     Bar No.
     Deputy Clerk                               P. O. Box 740, Decatur, IL 62525
                                                _____
                                                Address
_____                     217-422-1719
Date                                            _____
                                                Phone No.

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers. Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license. No other identification will be allowed. All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers. The license fees shall be made payable to the Sheriff of the City of St. Louis.

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

   Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing. Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk. Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years. Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>DAVID A ROITHER | Case Number:<br>2322-AC05808 | Special Process Server 1 |
| Plaintiff/Petitioner:<br>MARINER FINANCE LLC | Plaintiff's/Petitioner's Attorney/Address:<br>THOMAS MATTHEW VOIGT<br>301 E WILLIAM STREET | Special Process Server 2 |
| vs. | DECATUR, IL 62523 | Special Process Server 3 |
| Defendant/Respondent:<br>CHRISTOPHER D PERKINS | Date, Time and Location of Court Appearance:<br>13-JUL-2023, 09:30 AM | |
| Nature of Suit:<br>AC Breach of Contract | **Division 28**<br>**CIVIL COURTS BUILDING**<br>**10 N TUCKER BLVD**<br>**SAINT LOUIS, MO  63101**<br>Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at http://www.stlcitycircuitcourt.com/ | File Stamp |

## Associate Division Alias Summons

The State of Missouri to: CHRISTOPHER D PERKINS
Alias:

| | | |
|---|---|---|
| **3664 FRENCH AVENUE**<br>**ST LOUIS, MO  63116** | | **SPECIAL PROCESS SERVER** |

**COURT SEAL OF**

**CIRCUIT COURT OF MISSOURI**

**CITY OF ST LOUIS**

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to chapter 517, RSMo. Should you have any questions regarding responsive pleadings in this case you should consult an attorney.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

| June 8, 2023 | _Thomas Kloeppinger_ |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Service must not be made less than 10 days nor more than 60 days from the date the defendant/respondent is to appear in court.

I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.
Served at _____ (address) in
_____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

| | |
|---|---|
| *(Seal)* | **Must be sworn before a notary public if not served by an authorized officer.**<br>Subscribed and sworn to before me on _____ (date).<br>My commission expires: _____    _____ |
| | Date         Notary Public |

**Sheriff's Fees, if applicable**
Summons          $_____
Non Est          $_____
Sheriff's Deputy Salary
Supplemental Surcharge   $    10.00
Mileage          $_____  (_____ miles @ $._____ per mile)
**Total**          $_____

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits,

see Supreme Court Rule 54.

SJRC (07-21) SM22 (AASM) *For Court Use Only:* **Document ID # 23-AASM-3467**     2  of  1  (2322-AC05808)                    517.041, RSMo

IN THE TWENTY-SECOND JUDICIAL CIRCUIT COURT
ST. LOUIS CITY, STATE OF MISSOURI
ASSOCIATE CIVIL DIVISION

MARINER FINANCE, LLC,
          Plaintiff,

vs.

                                Cause No. 2322-AC05808

CHRISTOPHER D. PERKINS,
          Defendant.          Division No.: 28

## AFFIDAVIT OF NON-MILITARY SERVICE

I, Faiq Mihlar, being first duly sworn on oath depose and state as follows:

With respect to Defendant, Christopher D. Perkins:

_____ The Defendant **IS** in the military service of the United States.

_____ I am unable to determine whether the Defendant is in the military service of the United States.

**X** The Defendant **IS NOT** in the military service of the United States, based upon:

      _____ Inquiry to Dept. of Defense telephone number (703-696-6762)

      **X** Inquiry to Dept. of Defense website (https://www.dmdc.osd.mil/scra/owa/home)

FURTHER AFFIANT SAITH NOT.

FAIQ MIHLAR,   Attorney for Plaintiff

Date 7/5/23

STATE OF ILLINOIS   )  SS.
COUNTY OF MACON   )

On this 5th day of July, 2023, before me, the undersigned Notary Public, personally appeared Faiq Mihlar, known to me to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same for the purposes therein stated.

Brandon Potter,          Notary Public
My Commission Expires: 05-10-2026

"OFFICIAL SEAL"
BRANDON POTTER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 05-10-2026

Department of Defense Manpower Data Center

**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

SSN:            XXX-XX-█████
Birth Date:     ████████
Last Name:      PERKINS
First Name:     CHRISTOPHER
Middle Name:    D
Status As Of:   Jul-05-2023
Certificate ID: 87V0LTZSP6JV372

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA 93955

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>DAVID A ROITHER | Case Number:<br>2322-AC05808 | Special Process Server 1 |
| Plaintiff/Petitioner:<br>MARINER FINANCE LLC | Plaintiff's/Petitioner's Attorney/Address:<br>THOMAS MATTHEW VOIGT | Special Process Server 2 |
| vs. | 301 E WILLIAM STREET<br>DECATUR, IL 62523 | Special Process Server 3 |
| Defendant/Respondent:<br>CHRISTOPHER D PERKINS | Date, Time and Location of Court Appearance:<br>13-JUL-2023, 09:30 AM | |
| Nature of Suit:<br>AC Breach of Contract | **Division 28**<br>**CIVIL COURTS BUILDING**<br>**10 N TUCKER BLVD**<br>**SAINT LOUIS, MO 63101**<br>Please see the attached information for appearing via WebEx. WebEx connection information may also be found at http://www.stlcitycircuitcourt.com/ | File Stamp |

## Associate Division Alias Summons

**The State of Missouri to: CHRISTOPHER D PERKINS**
        **Alias:**

| | | |
|---|---|---|
| 3664 FRENCH AVENUE<br>ST LOUIS, MO 63116 | | SPECIAL PROCESS SERVER |

**COURT SEAL OF**

**CITY OF ST LOUIS**

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to chapter 517, RSMo. Should you have any questions regarding responsive pleadings in this case you should consult an attorney.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

| June 8, 2023 | _Thomas Kloppinger_ |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Service must not be made less than 10 days nor more than 60 days from the date the defendant/respondent is to appear in court.

I certify that I have served the above Summons by: (check one)
- ☐ delivering a copy of the summons and petition to the defendant/respondent.
- ☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
- ☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).
- ☐ other: _____.

Served at _____ (address) in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

| *(Seal)* | **Must be sworn before a notary public if not served by an authorized officer.**<br>Subscribed and sworn to before me on _____ (date).<br><br>My commission expires: _____  _____<br>                Date                Notary Public |
|---|---|

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $   10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits,



*314355*

**STATE OF MISSOURI**
**County of St. Louis City**
**22nd Judicial Circuit**
**Associate**
Docket number 2322-AC05808

Electronically Filed - CITY OF ST. LOUIS - July 05, 2023 - 08:41 AM

**Mariner Finance LLC**

Plaintiff,
vs.

AFFIDAVIT OF SERVICE

**Christopher D Perkins,**

Defendant,

_____/

I, Richard Hopson affirm and depose that I am a Process Server 18 years of age or over who is not a party to the action.

I hereby certify and return that on 06/15/2023 at 4:37 PM, I served copies of the Summons and Petition - Associate Personally upon **Christopher D Perkins as articulated below.**

By delivering a copy to Christopher D Perkins personally.

Said service was effected at: **3664 French Avenue, Saint Louis, MO 63116.**

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows:

Sex: **Male** Race: **White** Hair: **Brown & Gray** Height: **Medium** Weight: **Medium** Place: **House** Extras: **Mustache and Beard**

I certify that the foregoing statements made by me are true, correct and my free act and deed.

_____
Richard Hopson

The foregoing affidavit sworn and subscribed before me today, June 19, 2023

_____          _____          _____
Samantha Lynne Clark                    Marybeth Rice                              Richard A. Raymond

JobNo. 314355                                                                        *Fee For Service: $48.00*

MARYBETH RICE
Notary Public - Notary Seal
STATE OF MISSOURI
St. Louis City
My Commission Expires: Mar. 31, 2027
Commission # 15634446

ENTERED

AUG 17 2023

CS

FILED
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
2023 AUG 17 AM 9:42

## IN THE CIRCUIT COURT OF ST. LOUIS CITY
## STATE OF MISSOURI

_Mariner Finance_
_____
Plaintiff

VS.

_Christopher Perkins_
_____
Defendant

Cause No. _2322-AC05808_   Division 28   Date: _Aug. 17, 2023_

### Order for call docket or non-testimonial motion hearing

The above referenced matter has been set for call docket announcement/non-testimonial motion

hearing on _Sept. 21_, 2023, at _9:30_ (AM)/PM.

Parties are to appear in court on the above date physically if the courthouse is open to the public
for said proceedings. If the court is not open to the public due to a COVID related closure, then
the parties may appear virtually using the below links. Both parties may agree to appear
virtually on days when the courthouse is open to the public, but should expect longer wait times
as the court conducts business directly with those appearing in person before the court.

To attend Division 28 hearing virtually via WebEx:
URL:
**https://mocourts.webex.com/meet/david.roither**

**Meeting Number:**
**965 491 207**

**Video Address:**
**david.roither@mocourts.webex.com**

**Audio connection:**
**United States Toll +1-408-418-9388**

**Toll Free 844-487-0491**

**Access code:**
**965 491 207**

SO ORDERED:

_____
**Division 28 Judge**   _57426_

**IN THE CIRCUIT COURT OF ST. LOUIS CITY, MISSOURI**

| | | |
|---|---|---|
| MARINER FINANCE, LLC | ) | |
|     Plaintiff | ) | |
| v. | ) | Cause Number: 2322-AC05808 |
| | ) | |
| CHRUSTOPHER PERKINS | ) | |
|     Defendant. | ) | |

**ENTRY OF APPEARANCE**

COME NOW Kristoffer M. Boevingloh and George A. Pliakos, attorneys at Law, and

hereby enter their appearance on behalf of the Defendant Christopher Perkins.

Respectfully submitted,

/s/ Kris Boevingloh

Kristoffer M. Boevingloh #56734
George A. Pliakos #54726
Attorneys for Defendant
225 S Meramec Ave Ste 1100
Clayton, MO 63121
(314) 989-1492 | (314) 269-1042 Fax
kris@boevingloh.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on September 20, 2023, upon the electronic filing of the foregoing pleading, a true copy thereof was served on all other attorneys of record by the electronic mailing system.

/s/ Kris Boevingloh

Kristoffer M. Boevingloh #56734

## IN THE CIRCUIT COURT OF ST. LOUIS CITY, MISSOURI

MARINER FINANCE, LLC       )
     Plaintiff                )
v.                           )     Cause Number: 2322-AC05808
                          )
CHRISTOPHER PERKINS       )
     Defendant.             )

## DEFENDANT'S MOTION FOR LEAVE TO FILE AN ANSWER TO PLAINTIFF'S PETITION OUT OF TIME

COMES NOW Defendant, by and through counsel, and hereby requests leave of court to file an answer to Plaintiff's Petition out of time. As grounds for this Motion, Defendant states as follows:

### Factual Background

1. On or about May 5, 2023, Plaintiff filed this action against Defendant.

2. Defendant appeared *pro se* on July 13, 2023 and the case was continued.

3. Defendant appeared again pro se on August 17, 2023 and the case was continued once again.

4. Acting *pro se*, Defendant has heretofore not filed a written answer to Plaintiff's Petition because he was unaware of the rules regarding pleadings in Chapter 517 proceedings.

5. RSMo Section 517.031.2 reads in relevant part:

    "Affirmative defenses, counterclaims and cross claims shall be filed in writing not later that the return date and time *unless leave to file at a later date is granted by the court. . . .*"

6. On September 20, 2023, Defendant hired undersigned counsel.

### Arguments & Authorities

7.      It is within the trial court's discretion to grant or deny a request to file an answer

out of time. *Crystal Tire Co. v. Home Service Oil Co., 465 S.W.2d 531, 533 (Mo.1971); Kaiser v. Pearl, 670 S.W.2d 915, 920 (Mo.App.1984); Bloom v. City of Independence, 591 S.W.2d 104, 106 (Mo.App.1979).*

8.    Rule 44.01(b) allows the trial court to grant relief from time limits in certain situations if the party's failure to act is the result of excusable neglect. *Bloom, 591 S.W.2d at 106.*

9.    A trial court did not abuse its discretion in permitting defendant to file a denial pleading after the trial had begun. *Crystal Tire Co. v. Home Service Oil Co, 465 S.W.2d at 533.*

10.    Additionally, Appellate Courts have held that even where there may no evidence of excusable neglect, it is within the trial court's discretion to allow defendant to file an answer out of time absent a showing of prejudice by plaintiff in maintaining its action on the merits. *Kaiser v. Pearl*, 670 S.W.2d 915, 920 (Mo.App.E.D.1984).

11.    Defendant's failure to file a written responsive pleading is excusable because, acting *pro se*, he was unaware of the rules regarding pleadings in Chapter 517 proceedings.

12.    On information and belief, by granting leave to file. Plaintiff will suffer no prejudice in maintaining its action on the merits.

13.    While on the other hand, Defendant will suffer undue hardship if he is denied leave to file an answer.

WHEREFORE, Defendant prays for an Order from this Court granting leave to file an answer to Plaintiff's Petition within twenty (20) days of said Order.

Respectfully submitted,

/s/ Kris Boevingloh

Kristoffer M. Boevingloh #56734
George A. Pliakos #54726

Attorneys for Defendant
225 S Meramec Ave Ste 1100
Clayton, MO 63105
(314) 989-1492 | (314) 269-1042 Fax
kris@boevingloh.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on September 20, 2023, upon the electronic filing of the foregoing pleading, a true copy thereof was served on all other attorneys of record by the electronic mailing system.

/s/ Kris Boevingloh

Kristoffer M. Boevingloh #56734

# IN THE CIRCUIT COURT OF ST. LOUIS CITY, MISSOURI

**FILED**
SEP 21 2023
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

MARINER FINANCE, LLC
    Plaintiff

v.

    Cause Number: 2322-AC05808

CHRUSTOPHER PERKINS
    Defendant.

## ENTRY OF APPEARANCE

COME NOW Kristoffer M. Boevingloh and George A. Pliakos, attorneys at Law, and

hereby enter their appearance on behalf of the Defendant Christopher Perkins.

Respectfully submitted,

/s/ Kris Boevingloh

Kristoffer M. Boevingloh #56734
George A. Pliakos #54726
Attorneys for Defendant
225 S Meramec Ave Ste 1100
Clayton, MO 63121
(314) 989-1492 | (314) 269-1042 Fax

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 20, 2023, upon the electronic filing of the
foregoing pleading, a true copy thereof was served on all other attorneys of record by the electronic
mailing system.

/s/ Kris Boevingloh

Kristoffer M. Boevingloh #56734

# MISSOURI CIRCUIT COURT
# TWENTY-SECOND JUDICIAL CIRCUIT
### (City of St. Louis)

*MARINER FINANCE*

VS

*Christopher Perkins*

FILED

SEP 21 2023

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ M.H. _____ DEPUTY

CASE NO. *2322-AC05808* DIVISION *28*          *September 21, 2023*

## ORDER/JUDGEMENT/MEMORANDUM

*Order*

*Defendant's Motion for Leave to File An Answer to Plaintiff's Petition Out of Time Called, Heard & Granted.*

*Defendant is Granted Twenty (20) Days to File An Answer to Plaintiff's Petition.*

Cause continued to 11-9-23 at 9:30 AM.

*So Ordered*

JUDGE 51426          DATE *9-21-23*

54726
ATTORNEY FOR △
314-589-1492

*Heavner Beyers & Mihlar LLC*
217-422-1719

Form 14 (Rev 2/06)

IN THE CIRCUIT COURT OF ST. LOUIS CITY, MISSOURI

FILED
SEP 21 2023
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

MARINER FINANCE, LLC
    Plaintiff

v.                       Cause Number: 2322-AC05808

CHRISTOPHER PERKINS
    Defendant.

## DEFENDANT'S MOTION FOR LEAVE TO FILE AN ANSWER TO PLAINTIFF'S PETITION OUT OF TIME

COMES NOW Defendant, by and through counsel, and hereby requests leave of court to to file an answer to Plaintiff's Petition out of time. As grounds for this Motion, Defendant states as follows:

### Factual Background

1. On or about May 5, 2023, Plaintiff filed this action against Defendant.

2. Defendant appeared *pro se* on July 13, 2023 and the case was continued.

3. Defendant appeared again pro se on August 17, 2023 and the case was continued once again.

4. Acting *pro se*, Defendant has heretofore not filed a written answer to Plaintiff's Petition because he was unaware of the rules regarding pleadings in Chapter 517 proceedings.

5. RSMo Section 517.031.2 reads in relevant part:

> "Affirmative defenses, counterclaims and cross claims shall be filed in writing not later that the return date and time *unless leave to file at a later date is granted by the court. . . .*"

6. On September 20, 2023, Defendant hired undersigned counsel.

### Arguments & Authorities

7.     It is within the trial court's discretion to grant or deny a request to file an answer

out of time. *Crystal Tire Co. v. Home Service Oil Co.*, 465 S.W.2d 531, 533 (Mo.1971); *Kaiser v. Pearl,*
670 S.W.2d 915, 920 (Mo.App.1984); *Bloom v. City of Independence*, 591 S.W.2d 104, 106
(Mo.App.1979).

     8.     Rule 44.01(b) allows the trial court to grant relief from time limits in certain
situations if the party's failure to act is the result of excusable neglect. *Bloom, 591 S.W.2d at 106.*

     9.     A trial court did not abuse its discretion in permitting defendant to file a denial
pleading after the trial had begun. *Crystal Tire Co v. Home Service Oil Co*, 465 S.W.2d at 533.

     10.     Additionally, Appellate Courts have held that even where there may no
evidence of excusable neglect, it is within the trial court's discretion to allow defendant to file an
answer out of time absent a showing of prejudice by plaintiff in maintaining its action on the
merits. *Kaiser v. Pearl*, 670 S.W.2d 915, 920 (Mo.App.E.D.1984).

     11.     Defendant's failure to file a written responsive pleading is excusable because,
acting *pro se*, he was unaware of the rules regarding pleadings in Chapter 517 proceedings.

     12.     On information and belief, by granting leave to file. Plaintiff will suffer no
prejudice in maintaining its action on the merits.

     13.     While on the other hand, Defendant will suffer undue hardship if he is denied
leave to file an answer.

     WHEREFORE, Defendant prays for an Order from this Court granting leave to file an
answer to Plaintiff's Petition within twenty (20) days of said Order.

                     Respectfully submitted,

                     /s/ Kris Boevingloh

                     Kristoffer M. Boevingloh #56734
                     George A. Pliakos #54726

Attorneys for Defendant
225 S Meramec Ave Ste 1100
Clayton, MO 63105
(314) 989-1492 | (314) 269-1042 Fax
kris@boevingloh.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 20, 2023, upon the electronic filing of the foregoing pleading, a true copy thereof was served on all other attorneys of record by the electronic mailing system.

/s/ Kris Boevingloh

Kristoffer M. Boevingloh #56734

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

MARINER FINANCE, LLC,

      Plaintiff/Counterclaim-Defendant,

v.

CHRISTOPHER D. PERKINS,

      Defendant/Counterclaimant.

Case No. 2322-AC05808
Division 28

## Answer and Counterclaim

Defendant answers Plaintiff's Petition for Breach of Contract and counterclaims against Plaintiff:

## Answer

1.     Defendant admits Plaintiff does business in Missouri. Defendant has insufficient information or knowledge to admit or deny the truth or falsity of the remaining allegations in this Paragraph and therefore denies same.

2.     Admitted.

3.     Defendant has insufficient information or knowledge to admit or deny the truth or falsity of the allegations in this Paragraph and therefore denies same.

4.     Denied.

5.     Denied.

6.     Denied.

7.     Denied.

8.     Denied.

## Affirmative Defenses

1.    Plaintiff's alleged contract is and was procedurally and substantively unconscionable.

2.    Pursuant to § 408.150 RSMo, Plaintiff is not entitled to recover interest on the contract because it is assessing interest that is accruing on an inflated principal balance in violation of § 408.100 RSMo.

3.    Defendant is entitled to an offset or setoff based on the counterclaim below.

WHEREFORE, having fully answered, Defendant prays this court for an Order dismissing Plaintiff's petition with prejudice, with Plaintiff to bear costs, and for such other and further relief as this court deems just and proper under the circumstances.

## Counterclaim
## Nature of Case

1.    This is a civil action against Plaintiff seeking to recover unearned premiums due Plaintiff under terminated or cancelled contracts of insurance, including without limitation, credit life insurance, credit accident and sickness insurance, credit casualty insurance, credit involuntary unemployment insurance or credit property insurance (collectively, "Contracts of Insurance") that were solicited, negotiated, and/or procured by Plaintiff and insured by Life of the South Insurance Company or another insurer that writes Contracts of Insurance ("Insurer").

2.    Plaintiff seeks unearned premiums, actual damages, equitable and injunctive relief, and such other further relief as this Court may consider appropriate.

## Parties

3.    Defendant is a resident of St. Louis City, Missouri.

4.      Plaintiff is a Maryland limited liability company with its principal place of business at 8211 Town Center Drive, Nottingham, MD 21236. Plaintiff is regulated by the Missouri Division of Insurance.

### Jurisdiction and Venue

5.      This is a civil case, so this Court has jurisdiction.

6.      Venue is proper in this Court because Plaintiff sued in St. Louis City, Missouri.

### General Allegations

7.      Plaintiff applied for and obtained individual policies or group policies of Contracts of Insurance.

8.      Plaintiff solicited, negotiated, and procured debtors, including Defendant, to become insured under individual or group Contracts of Insurance.

9.      Defendant's premium for credit life insurance was $43.85.

10.      Defendant's premium for credit disability insurance was $148.34.

11.      Defendant's premium for involuntary unemployment insurance was $103.92.

12.      Under the Insurance Contracts, if the insurance is terminated before the scheduled maturity date of the indebtedness, Plaintiff was required to refund or credit Defendant with the unearned premiums.

13.      Defendant's Insurance Contracts were terminated before the maturity date.

14.      The unearned premium for Defendant's credit life insurance was $12.96.

15.      The unearned premium for Defendant's credit disability insurance was $43.84.

16.      The unearned premium for Defendant's involuntary unemployment insurance was $30.72.

17.      The total unearned premium on Defendant's Insurance Contracts was at least $87.52.

18.    Plaintiff failed to credit or refund Defendant with the unearned premiums on Defendant's Insurance Contracts.

19.    Upon information and belief, Plaintiff sent written demands for payment to Defendant that were artificially and falsely inflated because the amount demanded included no credit or refund for the unearned premium on Defendant's Insurance Contracts.

20.    Plaintiff sued Defendant seeking a judgment in its favor for $2,079.77, which did not include a credit or refund for the unearned premium on Defendant's Insurance Contracts.

21.    Plaintiff submitted an affidavit with this Court stating Defendant owed $2,079.77.

22.    The affidavit was false because Plaintiff was required to refund or credit Defendant with the unearned premiums under the Insurance Contracts.

23.    Plaintiff knew the affidavit was false because the "Loan Payoff" Plaintiff submitted to this Court showed the maximum amount Defendant allegedly owed was $1,992.25.

24.    Plaintiff intended that its false collection letters be acted on by Defendant.

25.    Plaintiff intended that its false affidavit be acted on by the Court and Defendant.

26.    Defendant did not know or was ignorant as to the falsity of the collection letters and affidavit.

27.    Defendant relied on the false collection letters and false affidavit by expending time, resources, and money to investigate and defend against collection efforts.

28.    Defendant had a right to rely on the false collection letters and false affidavit.

29.    Defendant was consequently and proximately injured by Defendant's false collection letters and false affidavit, including without limitation, lost time, resources, money and credit expectancy.

30.     Upon information and belief, Plaintiff reported derogatory information about Defendant to local consumer reporting agencies and three national consumer credit reporting agencies: Equifax Credit Information Services, Inc., Experian, Inc., and TransUnion, LLC (collectively, "CRAs").

31.     The reporting of false or inaccurate derogatory information on Defendant's credit reports harmed his credit worthiness, credit standing, credit capacity, character, and general reputation.

32.     The reporting of false or inaccurate derogatory information on Defendant's credit reports was oral or written publication of material that defames, slanders, or libels him.

33.     The reporting of false or inaccurate derogatory information on Defendant's credit reports was oral or written publication of material that invaded his privacy rights.

34.     The reporting of false or inaccurate derogatory information on Defendant's credit reports was furnished with malic or willful intent to injure Defendant.

## Count I – Breach of Third-Party Contract

35.     Plaintiff repeats and incorporates the allegations set forth above as if set forth in Count I.

36.     Under the Insurance Contracts, Plaintiff agreed, for the benefit of Defendant, to refund or credit Defendant with the unearned premiums.

37.     The Insurance Contracts were issued primarily and directly to benefit Plaintiff.

38.     Plaintiff breached the Insurance Contracts by not refunding or crediting Defendant with the unearned premiums, thus causing him damage.

## Prayer for Relief

WHEREFORE, Defendant prays this Court enter a judgment for Defendant against Plaintiff:

5

a.   declaring the Insurance Contracts require Plaintiff to credit or refund Defendant the unearned premiums from the Insurance Contracts;

b.   a preliminary and permanent injunction enjoining Plaintiff from engaging in the practices alleged, including without limitation, enjoining Plaintiff from seeking to collect amounts that have no credit for unearned premiums from the Insurance Contracts;

c.   a mandatory injunction compelling Plaintiff to request the removal of any adverse credit information wrongfully reported on Defendant's consumer credit reports;

d.   awarding actual damages;

e.   awarding prejudgment and post-judgment interest; and

f.   for such other and further relief as this Court deems just and proper.

Respectfully Submitted,

**OnderLaw, LLC**

By:   */s/ Martin L. Daesch*
Martin L. Daesch, #40494
Jesse B. Rochman, #60712
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (telephone)
(314) 963-1700 (facsimile)
daesch@onderlaw.com
rochman@onderlaw.com
*Attorneys for Defendant*

BOEVINGLOH & PLIAKOS

By:   */s/ George Pliakos*

Kristoffer M. Boevingloh #56734
George A. Pliakos #54726
225 S Meramec Ave Ste 1100
Clayton, MO 63121
(314) 989-1492 | (314) 269-1042 Fax
kris@boevingloh.com
*Attorneys for Defendant*

Electronically Filed - CITY OF ST. LOUIS - October 11, 2023 - 10:48 AM

## CERTIFICATE OF SERVICE

    The undersigned certifies that on October 11, 2023, the foregoing pleading was filed electronically to be served by operation of the Court's electronic mailing system upon all attorneys of record.

/s/ *George Pliakos*

George A. Pliakos #54726

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

MARINER FINANCE, LLC,

     Plaintiff/Counterclaim-Defendant,

v.

CHRISTOPHER D. PERKINS,

     Defendant/Counterclaimant.

Case No. 2322-AC05808
Division 28

**ENTRY OF APPEARANCE**

    COMES NOW Kaitlin A. Carpenter of OnderLaw, LLC, and hereby enters her appearance on behalf of Defendant Christopher D. Perkins, for himself and all similarly situated Missouri citizens.

**ONDERLAW, LLC**

By:   */s/ Kaitlin A. Carpenter*
     Kaitlin A. Carpenter #74599
     110 E. Lockwood Ave.
     St. Louis, MO  63119
     (314) 963-9000 (telephone)
     (314) 963-1700 (facsimile)
     carpenter@onderlaw.com
     *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on October 12, 2023, the foregoing pleading was filed electronically to be served by operation of the Court's electronic mailing system upon all attorneys of record.

    */s/ Kaitlin A. Carpenter*

1

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

MARINER FINANCE, LLC,

      Plaintiff/Counterclaim-Defendant,

v.

CHRISTOPHER D. PERKINS,

      Defendant/Counterclaimant.

Case No. 2322-AC05808
Division 28

**ENTRY OF APPEARANCE**

    COMES NOW Martin L. Daesch of OnderLaw, LLC, and hereby enters his appearance on behalf of Defendant Christopher D. Perkins, for himself and all similarly situated Missouri citizens.

**ONDERLAW, LLC**

By:     */s/ Martin L. Daesch*
         Martin L. Daesch, #40494
         110 E. Lockwood Ave.
         St. Louis, MO 63119
         (314) 963-9000 (telephone)
         (314) 963-1700 (facsimile)
         daesch@onderlaw.com
         *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on October 12, 2023, the foregoing pleading was filed electronically to be served by operation of the Court's electronic mailing system upon all attorneys of record.

         */s/ Martin L. Daesch*

1

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

MARINER FINANCE, LLC,

      Plaintiff/Counterclaim-Defendant,

v.

CHRISTOPHER D. PERKINS,

      Defendant/Counterclaimant.

Case No. 2322-AC05808
Division 28

## ENTRY OF APPEARANCE

    COMES NOW Craig W. Richards of OnderLaw, LLC, and hereby enters his appearance on behalf of Defendant Christopher D. Perkins, for himself and all similarly situated Missouri citizens.

**ONDERLAW, LLC**

By:    */s/ Craig W. Richards*
       Craig W. Richards #67262
       110 E. Lockwood Ave.
       St. Louis, MO 63119
       (314) 963-9000 (telephone)
       (314) 963-1700 (facsimile)
       richards@onderlaw.com
       *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

    The undersigned certifies that on October 12, 2023, the foregoing pleading was filed electronically to be served by operation of the Court's electronic mailing system upon all attorneys of record.

*/s/ Craig W. Richards*

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

MARINER FINANCE, LLC,

      Plaintiff/Counterclaim-Defendant,

v.

CHRISTOPHER D. PERKINS,

      Defendant/Counterclaimant.

Case No. 2322-AC05808
Division 28

**ENTRY OF APPEARANCE**

COMES NOW Jesse B. Rochman of OnderLaw, LLC, and hereby enters his appearance on behalf of Defendant Christopher D. Perkins, for himself and all similarly situated Missouri citizens.

**ONDERLAW, LLC**

By:    */s/ Jesse B. Rochman*
       Jesse B. Rochman, #60712
       110 E. Lockwood Ave.
       St. Louis, MO 63119
       (314) 963-9000 (telephone)
       (314) 963-1700 (facsimile)
       rochman@onderlaw.com
       *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on October 12, 2023, the foregoing pleading was filed electronically to be served by operation of the Court's electronic mailing system upon all attorneys of record.

*/s/ Jesse B. Rochman*

**IN THE <u>22ND JUDICIAL CIRCUIT</u> COURT, <u>CITY OF ST LOUIS</u>, MISSOURI**

Mariner Finance Llc

      Plaintiff,

                  vs.

Christopher Perkins

      Defendant.

Case Number:  2322-AC05808

## Entry of Appearance

Comes now undersigned counsel and enters his/her appearance as attorney of record for Christopher D Perkins, Defendant, in the above-styled cause.

<u>/s/ Jesse Rochman</u>
  Jesse Barrett Rochman
  Mo Bar Number: 60712
  Attorney for Defendant
  110 E. Lockwood
  St. Louis, MO 63119
  Phone Number: (314) 963-9000
  rochman@onderlaw.com

**Certificate of Service**

I hereby certify that on <u>October 13th, 2023</u>, a copy of the foregoing was sent through the Missouri eFiling system to the registered attorneys of record and to all others by facsimile, hand delivery, electronic mail or U.S. mail postage prepaid to their last known address.

<u>/s/ Jesse Rochman</u>
  Jesse Barrett Rochman

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | |
|---|---|
| MARINER FINANCE, LLC,<br><br>    Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>CHRISTOPHER D. PERKINS,<br><br>    Defendant/Counterclaimant/Third-Party Plaintiff,<br><br>v.<br><br>LIFE OF THE SOUTH INSURANCE COMPANY,<br>**Serve:**<br>**Corporate Creations Network Inc.**<br>**12747 Olive Blvd., Suite 300**<br>**St. Louis, MO 63141**<br><br>    Third-Party Defendant. | Case No. 2322-AC05808<br>Division 28 |

## Third-Party Petition

Defendant/Third-Party Plaintiff Christopher D. Perkins ("Perkins"), individually and for a class of similarly situated people, sues Third-Party Defendant Life of the South Insurance Company ("Insurer"):

### Nature of Case

1.    This is a class action against Insurer seeking to recover unearned premiums due the Class (defined below), under terminated or cancelled contracts of insurance, including without limitation, credit life insurance, credit accident and sickness insurance, credit casualty insurance, credit involuntary unemployment insurance or credit property insurance that were solicited,

1

negotiated, and/or procured by Plaintiff and insured by Insurer (collectively, "Contracts of Insurance").

2.      Perkins sues individually and for the Class. They seek unearned premiums, actual damages, equitable and injunctive relief, and such other further relief as this Court may consider appropriate.

## Parties

3.      Perkins is a resident of St. Louis City, Missouri.

4.      Plaintiff is a Maryland limited liability company with its principal place of business at 8211 Town Center Drive, Nottingham, MD 21236. Plaintiff is regulated by the Missouri Division of Insurance.

5.      Plaintiff is Insurer's agent.

6.      Plaintiff is Insurer's affiliate.

7.      All allegations of acts or omissions by Plaintiff include, but are not limited to, acts and omissions of Plaintiff's assignors, assignees, predecessors, successors, officers, directors, operators, managers, supervisors, employees, affiliates, subsidiaries, vice-principals, partners, agents, servants, and owners; and that such acts and omissions were made with Insurer's express and/or implied authority, or were ratified or otherwise approved by Insurer; or that such acts or omissions were made in the routine normal course and scope of their agency with Insurer.

8.      Insurer is a Georgia corporation with its principal place of business in Athens, Georgia. Insurer is a foreign insurance company with its registered office at 12747 Olive Boulevard, Suite 300, Saint Louis, Missouri 63141. Insurer is regulated by the Missouri Division of Insurance.

## Jurisdiction and Venue

9.      This is a civil case, so this Court has jurisdiction.

Electronically Filed - CITY OF ST. LOUIS - October 17, 2023 - 08:58 AM

10.     Venue is proper in this Court because Plaintiff sued in St. Louis City, Missouri.

**General Allegations**

11.     Plaintiff applied for and obtained individual policies or group policies of Contracts of Insurance written by Insurer.

12.     Plaintiff solicited, negotiated, and procured debtors, including Perkins, to become insured under individual or group Contracts of Insurance with Insurer.

13.     Under the Contracts of Insurance, if the insurance is terminated before the scheduled maturity date of the indebtedness, Insurer was required to refund or credit Perkins and each Class member with the unearned premiums.

14.     Perkins's and each Class member's Contracts of Insurance were terminated before the maturity date of the indebtedness.

15.     Insurer failed to credit or refund Perkins and each class member with the unearned premiums on their Contracts of Insurance.

16.     Upon information and belief, Plaintiff reported false or derogatory information about Perkins and each Class member, including artificially inflated balances, to local consumer reporting agencies and three national consumer credit reporting agencies: Equifax Credit Information Services, Inc., Experian, Inc., and TransUnion, LLC (collectively, "CRAs").

17.     The reporting of false or inaccurate derogatory information on Perkins's and each Class member's credit reports harmed their credit worthiness, credit standing, credit capacity, character, and general reputation.

18.     The reporting of false or inaccurate derogatory information on Perkins's and each Class member's credit reports was oral or written publication of material that defames, slanders, or libels them.

19.     The reporting of false or inaccurate derogatory information on Perkins's and each Class member's credit reports was oral or written publication of material that invaded their privacy rights.

20.     The reporting of false or inaccurate derogatory information on Perkins's and each Class member's credit reports was furnished with malic or willful intent to injure Perkins and each Class member.

## Class Allegations

21.     Plaintiff sues individually and for a class designated under Rule 52.08.

22.     The "Class" comprises all people who:

   a.   are an insured on a Contract of Insurance with Insurer;

   b.   Plaintiff's or Insurer's records show the insurance was terminated before the scheduled maturity date of the indebtedness; and

   c.   were not credited or refunded with all unearned premiums.

23.     The Class, as defined, is identifiable and unambiguous based on objective information and criteria. Perkins reserves the right to expand, limit, amend or otherwise change the class definition, or propose subclasses in response to facts learned through formal or informal discovery, his continuing investigation, legal arguments advanced by the parties, concerns of the Court, or otherwise.

24.     The Class members are so numerous their individual joinder is impracticable. While the precise number of Class members is unknown, Perkins is informed and believes the proposed Class has over 40 people.

25.     Perkins's and the Class members' rights derive from written, form documents.

26.     There are questions of law and fact common to the Class, which predominate over any issues involving individual class members, including:

a. Whether Insurer is contractually obligated to pay Class members under the Contracts of Insurance.

b. Whether Insurer is liable for any or all of Plaintiff's acts and omissions.

27. Perkins's claims are typical of the claims of the Class members.

28. Perkins's and the Class's claims are based on the same factual and legal theories.

29. Perkins and each Class member are insured on Contracts of Insurance with Insurer, have the same contractual rights regarding Plaintiff and Insurer, their Contracts of Insurance were terminated or cancelled before the scheduled maturity date of the indebtedness, and Insurer did not refund or credit them with the unearned premium under the Contracts of Insurance.

30. Perkins will fairly and adequately represent and protect the interests of the Class.

31. Perkins has no interests antagonistic to the Class members.

32. Perkins's counsel is competent and experienced in consumer and other class action litigation.

33. Perkins and all Class members have an interest in determining Insurer's duty to refund or reimburse them the unearned premium under the Contracts of Insurance.

34. The questions of law or fact common to the Class predominate over questions affecting only individual members.

35. Perkins and each Class member will rely on the same basic evidence (i.e., standardized Contracts of Insurance).

36. Determining Insurer's contractual obligations under standardized contracts and insurance policies resolves all Class members' claims.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

38.     The Class members are consumers who likely cannot locate or afford to hire lawyers.

39.     If each of the Class members were forced to bring an individualized suit, the suits would burden judicial resources and would create the risk of multiple inconsistent results for similarly situated parties.

40.     Concentrating the litigation of Perkins's and the Class members' claims is also desirable and logical given the predominance of common questions of law and fact alleged above.

41.     The Class should be certified under Rule 52.08(b)(3), as the superior method for the fair and efficient adjudication of this controversy.

42.     The prosecution of separate actions by individual members of the Class would create the risk of: (i) inconsistent or varying adjudications regarding individual members of the Class which would set incompatible standards of conduct for Insurer; and (ii) adjudications regarding individual members of the Class which would as a practical matter be dispositive of the interests of the other members who are not parties to the adjudications or substantially impair or impede their ability to protect their interests. Insurer has acted on grounds generally applicable to the Class regarding the matters complained of in this civil action, thus making the relief sought appropriate regarding the Class.

### Count I – Breach of Contract

43.     Perkins repeats and incorporates the allegations set forth above as if set forth in Count I.

44.     Perkins and each Class member are parties to Contracts of Insurance with Insurer.

45.     Under the Contracts of Insurance, if the insurance is terminated before the scheduled maturity date of the indebtedness, Insurer was required to refund or credit Perkins and each Class member with the unearned premiums.

46.     Perkins's and each Class member's Contracts of Insurance were terminated before the maturity date of the indebtedness.

47.     Insurer breached the Contracts of Insurance by not refunding or crediting Perkins and each Class member with the unearned premiums.

48.     Perkins and each Class member were consequently and proximately damaged by Insurer's breach of contract.

### Prayer for Relief

WHEREFORE, Perkins prays this Court certify the Class and enter a judgment for Perkins and the Class against Insurer:

a.     declaring the Contracts of Insurance require Insurer to pay Perkins and the Class the unearned premiums from the Contracts of Insurance;

b.     awarding actual damages at least equal to the unearned premiums under the Contracts of Insurance;

c.     awarding prejudgment and post-judgment interest; and

d.     for such other and further relief as this Court deems just and proper.

ONDERLAW, LLC

By:     */s/ Martin L. Daesch*
        Martin L. Daesch, #40494
        Jesse B. Rochman, #60712
        110 E. Lockwood Ave.
        St. Louis, MO 63119
        (314) 963-9000 (telephone)
        (314) 963-1700 (facsimile)
        daesch@onderlaw.com
        rochman@onderlaw.com
        *Attorneys for Christopher D. Perkins*

Electronically Filed - CITY OF ST. LOUIS - October 17, 2023 - 08:58 AM

**Certificate of Service**

I certify that on October 17, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

/s/ Martin L. Daesch

**IN THE** <u>22ND JUDICIAL CIRCUIT</u> **COURT,** <u>CITY OF ST LOUIS</u> **, MISSOURI**

Electronically Filed - CITY OF ST. LOUIS - November 03, 2023 - 02:52 PM

Mariner Finance Llc

   Plaintiff,

      vs.

Christopher Perkins

   Defendant.

Case Number:  2322-AC05808

## Entry of Appearance

Comes now undersigned counsel and enters his/her appearance as attorney of record for Mariner Finance Llc, Plaintiff, in the above-styled cause.

/s/ /s/ Michael S. Hargens
Michael Scott Hargens
Mo Bar Number: 51077
Attorney for Plaintiff
Ste 1000
4801 Main St.
Kansas City, MO 64112
Phone Number: (816) 983-8000 ext 4636
michael.hargens@huschblackwell.com

**Certificate of Service**

I hereby certify that on _____ November 3rd, 2023 _____, a copy of the foregoing was sent through the Missouri eFiling system to the registered attorneys of record and to all others by facsimile, hand delivery, electronic mail or U.S. mail postage prepaid to their last known address.

/s/ /s/ Michael S. Hargens
Michael Scott Hargens

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

MARINER FINANCE, LLC,

       Plaintiff/Counterclaim-Defendant,

v.

CHRISTOPHER D. PERKINS,

       Defendant/Counterclaimant.

Case No. 2322-AC05808
Division 28

**MEMORANDUM**

COMES NOW, Defendant/Counterclaimant Christopher D. Perkins, and hereby requests

the Court to issue Summons upon Third-Party Defendant Life of the South Insurance Company,

Corporate Creations Network, Inc., 12747 Olive Boulevard, Suite 300, St. Louis, MO 63141.

**ONDERLAW, LLC**

By:   */s/ Martin L. Daesch*
       Martin L. Daesch, #40494
       Jesse B. Rochman, #60712
       Craig W. Richards, #67262
       Kaitlin A. Carpenter, #74599
       110 E. Lockwood Ave.
       St. Louis, MO 63119
       (314) 963-9000 (telephone)
       (314) 963-1700 (facsimile)
       daesch@onderlaw.com
       rochman@onderlaw.com
       richards@onderlaw.com
       carpenter@onderlaw.com
       *Attorneys for Defendant/Counterclaimant*

**<u>Certificate of Service</u>**

I hereby certify on this 3rd day of November, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

*/s/ Martin L. Daesch*

IN THE TWENTY-SECOND JUDICIAL CIRCUIT COURT
ST. LOUIS CITY, STATE OF MISSOURI
ASSOCIATE CIVIL DIVISION

MARINER FINANCE, LLC,
               Plaintiff,

vs.

CHRISTOPHER D. PERKINS,
               Defendant.

Case No. 2322-AC05808

Division No.: 28

## MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF

**COMES NOW** Counsel for Plaintiff, Mariner Finance, LLC, Heavner, Beyers &
Mihlar, LLC, and respectfully request leave to withdraw as counsel in the above entitled
cause as the law firm of Husch Blackwell, LLP has entered it's appearance on behalf of
Plaintiff in this matter.

WEREFORE, Plaintiff's counsel respectfully prays the court will allow Heavner,
Beyers & Mihlar, LLC to withdraw as counsel for Plaintiff, and for such and further relief as
the court deems just and proper.

MARINER FINANCE, LLC, Plaintiff,

By_____
FAIQ MIHLAR - #50501
VERONIKA MILES - #67254
AMANDA J. WIESE - #73581
HEAVNER, BEYERS & MIHLAR, LLC
Attorneys for Plaintiff
P.O. Box 740
Decatur, IL 62525
Telephone: (217) 422-1719
missourifilings@hsbattys.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this November 7, 2023, a complete copy of
this instrument was e-filed and transmitted via Case.net to all parties of record.



_____

IN THE TWENTY-SECOND JUDICIAL CIRCUIT COURT
ST. LOUIS CITY, STATE OF MISSOURI
ASSOCIATE CIVIL DIVISION

MARINER FINANCE, LLC,
                 Plaintiff,

vs.

CHRISTOPHER D. PERKINS,
                 Defendant.

Case No. 2322-AC05808

Division No.: 28

## **ORDER**

THIS CAUSE coming on to be heard upon Plaintiff's counsel, Heavner, Beyers & Mihlar, LLC's Motion to Withdraw as Counsel for Plaintiff, it is hereby ordered as follows:

Heavner, Beyers & Mihlar, LLC's Motion to Withdraw as Counsel for Plaintiff is hereby entered.

DATED: _____     _____
                                                  JUDGE

FAIQ MIHLAR (#50501)
HEAVNER, BEYERS, & MIHLAR, LLC
Attorneys at Law
P.O. Box 740
Decatur, Illinois 62525-0740
Telephone (217) 422-1719
missourifilings@hsbattys.com

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL COURT**
**(CITY OF ST. LOUIS)**

| | | |
|---|---|---|
| MARINER FINANCE, LLC, | ) | |
| | ) | |
| Plaintiff/Counterclaim-Defendant, | ) | |
| v. | ) | Case No. 2322-AC05808 |
| | ) | |
| CHRISTOPHER D. PERKINS, | ) | Division 28 |
| | ) | |
| Defendant/Counterclaimant, | ) | |
| v. | ) | |
| | ) | |
| LIFE OF THE SOUTH INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**CONSENT MOTION FOR EXTENSION OF TIME**
**TO FILE RESPONSE TO THIRD-PARTY PETITION**

Defendant Life of the South Insurance Company ("Life of the South") by and through undersigned counsel, respectfully moves this Honorable Court to extend its deadline to answer or otherwise respond, without waiver of any rights, to the Third-Party Petition filed by Defendant/Third-Party Plaintiff Christopher D. Perkins ("Plaintiff") by sixty (60) days, through and including January 8, 2023. As grounds for this Motion, Life of the South states as follows:

1.      Life of the has not been served but has agreed to accept service effective today to streamline the process.

2.      Counsel for Life of the South has conferred with counsel for Plaintiff, and Plaintiff consents to the requested extension.

Electronically Filed - CITY OF ST. LOUIS - November 09, 2023 - 01:39 PM

3.      This request is not being made for the purpose of delaying this proceeding, and Plaintiff will not be prejudiced by the granting of this extension. The requested extension will not affect any current deadlines in this matter.

4.      Accordingly, for good cause shown, Life of the South respectfully requests that the Court extend its deadline to answer or otherwise respond without waiver of any rights to Plaintiff's Third-Party Petition by sixty (60) days, through and including January 8, 2023.

Dated: November 9, 2023                    Respectfully submitted,

                                           **GM Law PC**

                                           By      /s/ *David B. Helms*
                                                   David B. Helms  #48941
                                                   8000 Maryland Avenue, Suite 1060
                                                   St. Louis, MO 64105
                                                   (314) 474-1750
                                                   (816) 471-2221 fax
                                                   davidh@gmlawpc.com

                                                   ***Attorney for Third-Party Defendant***
                                                   ***Life of the South Insurance Company***

<u>**CERTIFICATE OF SERVICE**</u>

        The undersigned hereby certifies the foregoing was electronically filed on the 9th day of November 2023, via the Court's ECF system which will send notice to all counsel of record.

                       /s/:  *David B. Helms*
                       David B. Helms

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL COURT**
**(CITY OF ST. LOUIS)**

| | | |
|---|---|---|
| MARINER FINANCE, LLC, | ) | |
| | ) | |
|     Plaintiff/Counterclaim-Defendant, | ) | |
| v. | ) | Case No. 2322-AC05808 |
| | ) | |
| CHRISTOPHER D. PERKINS, | ) | Division 28 |
| | ) | |
|     Defendant/Counterclaimant, | ) | |
| v. | ) | |
| | ) | |
| LIFE OF THE SOUTH INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
|     Third-Party Defendant. | ) | |

**AMENDED CONSENT MOTION FOR EXTENSION OF TIME**
**TO FILE RESPONSE TO THIRD-PARTY PETITION**
**(Amended As To Due Date Year)**

Defendant Life of the South Insurance Company ("Life of the South") by and through undersigned counsel, respectfully moves this Honorable Court to extend its deadline to answer or otherwise respond, without waiver of any rights, to the Third-Party Petition filed by Defendant/Third-Party Plaintiff Christopher D. Perkins ("Plaintiff") by sixty (60) days, through and including January 8, 2024. As grounds for this Motion, Life of the South states as follows:

1.      Life of the has not been served but has agreed to accept service effective today to streamline the process.

2.      Counsel for Life of the South has conferred with counsel for Plaintiff, and Plaintiff consents to the requested extension.

Electronically Filed - CITY OF ST. LOUIS - November 09, 2023 - 02:15 PM

3.     This request is not being made for the purpose of delaying this proceeding, and Plaintiff will not be prejudiced by the granting of this extension. The requested extension will not affect any current deadlines in this matter.

4.     Accordingly, for good cause shown, Life of the South respectfully requests that the Court extend its deadline to answer or otherwise respond without waiver of any rights to Plaintiff's Third-Party Petition by sixty (60) days, through and including January 8, 2024.

Dated: November 9, 2023                Respectfully submitted,

                                       **GM Law PC**

                                       By     /s/ *David B. Helms*
                                              David B. Helms  #48941
                                              8000 Maryland Avenue, Suite 1060
                                              St. Louis, MO 64105
                                              (314) 474-1750
                                              (816) 471-2221 fax
                                              davidh@gmlawpc.com

                                              *Attorney for Third-Party Defendant*
                                              *Life of the South Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies the foregoing was electronically filed on the 9th day of November 2023, via the Court's ECF system which will send notice to all counsel of record.

                    /s/:  *David B. Helms*
                    David B. Helms

Electronically Filed - CITY OF ST. LOUIS - November 09, 2023 - 01:39 PM

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL COURT**
**(CITY OF ST. LOUIS)**

| | | |
|---|---|---|
| MARINER FINANCE, LLC, | ) | |
| | ) | |
| Plaintiff/Counterclaim-Defendant, | ) | |
| v. | ) | Case No. 2322-AC05808 |
| | ) | |
| CHRISTOPHER D. PERKINS, | ) | Division 28 |
| | ) | |
| Defendant/Counterclaimant, | ) | |
| v. | ) | |
| | ) | |
| LIFE OF THE SOUTH INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## ENTRY OF APPEARANCE

**COMES NOW** David B. Helms, GM Law PC, and hereby enters his appearance as counsel in the above-named cause of action on behalf of Third-Party Defendant Life of the South Insurance Company.

Dated: November 9, 2023        Respectfully submitted,

**GM Law PC**

By     /s/ *David B. Helms*
          David B. Helms  #48941
          8000 Maryland Avenue, Suite 1060
          St. Louis, MO 64105
          (314) 474-1750
          (816) 471-2221 fax
          davidh@gmlawpc.com

          *Attorney for Third-Party Defendant*
          *Life of the South Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies the foregoing was electronically filed on the 9th day of November 2023, via the Court's ECF system which will send notice to all counsel of record.

/s/:  *David B. Helms*
David B. Helms

# MISSOURI CIRCUIT COURT
# TWENTY-SECOND JUDICIAL CIRCUIT
### (City of St. Louis)

*Mariner Finance*

VS

*Perkins*

**FILED**

NOV 09 2023

22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

CASE NO. 2322-AC05808 DIVISION :28          *November 9     2023*

## ORDER/JUDGEMENT/MEMORANDUM

*Cause passed to January 18, 2024 at 9:30 am for call.*

ENTERED

NOV 09 2023

MDH

*So Ordered*

Form 14 (Rev 2/06)

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL COURT**
**(CITY OF ST. LOUIS)**

| | | |
|---|---|---|
| MARINER FINANCE, LLC, | ) | |
| | ) | |
|     Plaintiff/Counterclaim-Defendant, | ) | |
| v. | ) | Case No. 2322-AC05808 |
| | ) | |
| CHRISTOPHER D. PERKINS, | ) | Division 28 |
| | ) | |
|     Defendant/Counterclaimant, | ) | |
| v. | ) | |
| | ) | |
| LIFE OF THE SOUTH INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
|     Third-Party Defendant. | ) | |

## [PROPOSED] ORDER

Third-Party Defendant's Amended Consent Motion for Extension of Time to File Response to Third-Party Petition is **GRANTED**. Third-Party Defendant has until and including January 8, 2024, to file a response to the Third-Party Petition.

_____

Date                                          Judge David A. Roither

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL COURT**
**(CITY OF ST. LOUIS)**

| | | |
|---|---|---|
| MARINER FINANCE, LLC, | ) | |
| | ) | **ENTERED** |
| Plaintiff/Counterclaim-Defendant, | ) | |
| v. | ) | **NOV 16 2023** |
| | ) | Case No. 2322-AC05808 |
| CHRISTOPHER D. PERKINS, | ) | **KMV** |
| | ) | Division 28 |
| Defendant/Counterclaimant, | ) | |
| v. | ) | |
| | ) | |
| LIFE OF THE SOUTH INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**AMENDED CONSENT MOTION FOR EXTENSION OF TIME**
**TO FILE RESPONSE TO THIRD-PARTY PETITION**
**(Amended As To Due Date Year)**

Defendant Life of the South Insurance Company ("Life of the South") by and through undersigned counsel, respectfully moves this Honorable Court to extend its deadline to answer or otherwise respond, without waiver of any rights, to the Third-Party Petition filed by Defendant/Third-Party Plaintiff Christopher D. Perkins ("Plaintiff") by sixty (60) days, through and including January 8, 2024. As grounds for this Motion, Life of the South states as follows:

1.      Life of the has not been served but has agreed to accept service effective today to streamline the process.

2.      Counsel for Life of the South has conferred with counsel for Plaintiff, and Plaintiff consents to the requested extension.

3. This request is not being made for the purpose of delaying this proceeding, and Plaintiff will not be prejudiced by the granting of this extension. The requested extension will not affect any current deadlines in this matter.

4. Accordingly, for good cause shown, Life of the South respectfully requests that the Court extend its deadline to answer or otherwise respond without waiver of any rights to Plaintiff's Third-Party Petition by sixty (60) days, through and including January 8, 2024.

Dated: November 9, 2023

Respectfully submitted,

**GM Law PC**

By    /s/ David B. Helms
        David B. Helms  #48941
        8000 Maryland Avenue, Suite 1060
        St. Louis, MO 64105
        (314) 474-1750
        (816) 471-2221 fax
        davidh@gmlawpc.com

*Attorney for Third-Party Defendant*
*Life of the South Insurance Company*

So Ordered

57426

11-16-23

## CERTIFICATE OF SERVICE

The undersigned hereby certifies the foregoing was electronically filed on the 9th day of November 2023, via the Court's ECF system which will send notice to all counsel of record.

/s/: David B. Helms
David B. Helms

Page 2 of 2

Electronically Filed - CITY OF ST. LOUIS - November 07, 2023 - 02:13 PM

IN THE TWENTY-SECOND JUDICIAL CIRCUIT COURT
ST. LOUIS CITY, STATE OF MISSOURI
ASSOCIATE CIVIL DIVISION

MARINER FINANCE, LLC,
                Plaintiff,

vs.

CHRISTOPHER D. PERKINS,
                Defendant.

Case No. 2322-AC05808 **ENTERED**

Division No.: 28    NOV 16 2023

**KMV**

### ORDER

THIS CAUSE coming on to be heard upon Plaintiff's counsel, Heavner, Beyers & Mihlar, LLC's Motion to Withdraw as Counsel for Plaintiff, it is hereby ordered as follows:

Heavner, Beyers & Mihlar, LLC's Motion to Withdraw as Counsel for Plaintiff is hereby entered.

DATED: _11-16-23_

_____
JUDGE   50426

FAIQ MIHLAR (#50501)
HEAVNER, BEYERS, & MIHLAR, LLC
Attorneys at Law
P.O. Box 740
Decatur, Illinois 62525-0740
Telephone (217) 422-1719
missourifilings@hsbattys.com