UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MARINER FINANCE, LLC,

  Plaintiff,

v.

CHRISTOPHER D. PERKINS,

  Defendant.

Case No. 4:23CV1592-HEA

# Defendant Christopher D. Perkins's
# Reply Memorandum to Support Motion to Remand

## 1. Introduction

Third-Party Defendant Life of the South Insurance Company ("LOTS") suggests it's an "original defendant" because "[d]etermining which party is the original defendant for removal purposes is a question of federal law" rather than the "name the parties give themselves in state-court proceedings…." ECF No. 22 at 5–6 (quoting *Lazarus v. Karizad, LLC*, 2021 WL 765708, at *7 (D.D.C. Feb. 26, 2021)). Under federal law, "the term 'defendant' refers only to the party sued by the original plaintiff…." *Home Depot U.S.A. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). LOTS is not an ***original*** defendant under federal law because it wasn't sued by Mariner Finance, LLC—the ***original*** plaintiff in the ***original*** complaint. ECF No. 5; *Lazarus*, 2021 WL 765708, at *6 ("The relevant 'defendant' for removal purposes, in other words, is not any party

1

defending against any claim, but the *original* defendant named in the *original* complaint."); *Championship Prop. LLC v. Coan*, 2022 WL 4455208, at *4 (11th Cir. Sept. 26, 2022) (the original defendant "asserted what looks like various third-party claims and third-party counterclaims against Bank of America and Carrington Mortgage," but "because neither Bank of America nor Carrington Mortgage were the *original* defendants in this case, they weren't entitled to remove.")

*Home Depot* shows LOTS's removal is objectively unreasonable, which is why LOTS's argument boils down to its assertion that "*Home Depot* is wrongly decided because third-party defendants, including third-party counterclaim defendants, are plainly 'the defendant or the defendants' under § 1441(a)" and § 1453(b), and speculates "the Supreme Court is unlikely to follow *Home Depot* today" given the majority in *Home Depot* "include[d] two Justices no longer on the Supreme Court…." ECF No. 22 at 15. LOTS's argument is constitutionally impermissible because even if *Home Depot* "was wrongly decided," this Court is "bound by [*Home Depot*] until the Supreme Court explicitly overrules it." *US v. Torres-Alvarado*, 416 F.3d 808, 810 (8th Cir. 2005).

This Court should follow the Supreme Court's binding precedent, remand the case to state court, and award Defendant his attorney fees caused by LOTS's objectively unreasonable removal.[1]

**2. Analysis**

The Court should remand this case to state court for at least two reasons: (1) LOTS is not an original defendant entitled to remove; and (2) LOTS did not establish the amount in controversy by plausible allegations or a preponderance of the evidence. LOTS's arguments otherwise in its Response have no merit.

**2.1. LOTS is not an original defendant entitled to remove.**

Under the general removal provision, 28 U.S.C. § 1441(a), and the removal provision in the Class Action Fairness Act of 2005, 28 U.S.C. § 1453(b), only state court "defendants" may remove cases to federal court. *Home Depot U.S.A*, 139 S. Ct. at 1745–46. Courts construe "defendant" strictly to refer "only to the party sued by the original plaintiff…." *Id.* at 1746.

> The federal courts have strictly interpreted these limitations, often speaking of the right to remove as being limited to "true" defendants. Thus, plaintiffs cannot remove, even when they are in the position of defendants with regard to a counterclaim asserted against them. Nor can third-party defendants brought into the state action by the original

---

[1] Although LOTS misleadingly relabels all the parties, Mariner Finance, LLC is referred to as "Plaintiff" or "Mariner" and Christopher D. Perkins is referred to as "Defendant" or "Perkins." This is not only consistent with federal law, but also matches the label of the parties on this Court's docket and in the caption to the Court's order. ECF No. 8.

3

> defendant exercise the right to remove claims to the federal court, a point the Supreme Court affirmed most recently in *Home Depot USA, Inc. v. Jackson.*

14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper et al., Federal Practice & Procedure § 3730 (Rev. 4th ed. April 2023 Update). In *Home Depot*, the Supreme Court clarified that "because the 'civil action . . . of which the district cour[t]' must have 'original jurisdiction' is the action as defined by the plaintiff's complaint, 'the defendant' to that action is the defendant to that complaint, not" third-parties. 139 S. Ct. at 1748; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."); *see also G.S. by & through Seidel v. Ch Allied Servs., Inc.*, 2023 WL 6845828, *2 (W.D. Mo. Oct. 17, 2023) ("To the extent, as BD contends, Boone Hospital's claims against BD are proper only as an entirely new lawsuit rather than a third-party claim in the original tort lawsuit, *Home Depot* instructs that Missouri courts must address this issue upon remand.")

Applying these principles here confirms LOTS's removal is objectively unreasonable, despite the fabricated labels employed in its Notice of Removal and Response, because Defendant Perkins is not the "original plaintiff" to this action, and LOTS is not the "original defendant" as contemplated by the removal statutes. *Lazarus*, 2021 WL 765708, at *8.

4

LOTS heavily relies on *Lazarus*, but as that court explained, Perkins "is actually the original *defendant* to this action, so only [Perkins] could have removed under" the removal statutes. *Id.* Mariner, "by contrast, is the action's original *plaintiff*." *Id.* And LOTS—which Mariner never sued—is not an original defendant, but a third-party defendant or third-party counterclaim defendant because it entered the suit through a third-party petition or mislabeled third-party counterclaim. *Id.*

LOTS knows its removal is objectively unreasonable, so it resorts to misleadingly quoting *Home Depot* for the proposition that "courts must look to the pleading that the removing party alleges constitutes 'a new `civil action´ with a new `plaintiff´ and a new `defendant´'" and to which that party alleges to be an original defendant." ECF No. 22 at 7 (quoting *Home Depot U.S.A*, 139 S. Ct. at 1749). Rather, the Supreme Court held, "the filing of counterclaims that included class-action allegations against a third party did not create a new 'civil action' with a new 'plaintiff' and a new 'defendant.'" *Home Depot U.S.A*, 139 S. Ct. at 1749. The same is true here: whether the Court considers Defendant Perkin's filing a counterclaim or third-party claim against LOTS, it "did not create a new 'civil action' with a new 'plaintiff' and a new 'defendant.'" *Id.*; *Coan*, 2022 WL 4455208, at *4 (the original defendant "asserted what looks like various third-party claims and third-party counterclaims against Bank of

5

America and Carrington Mortgage," but "because neither Bank of America nor Carrington Mortgage were the *original* defendants in this case, they weren't entitled to remove."); *Jefferson Cap. Sys., LLC v. Alveranga*, 2020 WL 6685304, at *3–4 (N.D. Ohio Nov. 12, 2020) ("the Court concludes that even if the Alverangas' claims against Exeter were misjoined in the state court action below," either as a third-party counterclaim defendant or third-party defendant, "Exeter had no right to remove the action to federal court….a straightforward application of *Home Depot* would indicate that Exeter cannot be considered a 'defendant' under either § 1441(a) or § 1453(b), and it therefore has no right of removal. As such, Exeter's removal of the state court action was improper.") LOTS cites no cases since *Home Depot* holding otherwise, which is why it relies on the dissenting opinion in *Home Depot* and asks the Court to not follow the Supreme Court's binding precedent. ECF No. 22 at 14. Of course, this Court is "bound to follow the majority opinion in [*Home Depot*] rather than Justice [Alito's] dissent." *Harrington v. US*, 689 F.3d 124, 137 n. 9 (2d Cir. 2012).

LOTS also summarily dismisses or ignores Defendant Perkin's cited authority. ECF No. 22 at 12–14. LOTS says *Coan* is unhelpful because Bank of America and Carrington Mortgage "were properly brought into the action as third-party defendants…." *Id.* at 13. In *Coan*, however,

6

Bank of America and Carrington Mortgage argued, just as LOTS does here, that they were "misjoined" and should "be viewed as the defendants." *Coan*, 2022 WL 4455208, at *6. Same as here, LOTS did not show—or even allege—how it has "met any of the three circumstances for fraudulent joinder, which [it] had the 'heavy burden' to do." *Id*. Even if LOTS could unilaterally sever the third-party petition or mislabeled third-party counterclaim to attempt a partial removal:

> that wouldn't make [LOTS an] *original* defendant[]. In *Home Depot*, recall, the original plaintiff (Citibank) dismissed *all* of its claims against the original defendant (Jackson). All that was left at that point were Jackson's third-party counterclaims against Home Depot and Carolina Water Systems—the case was, in effect, severed. *Id*. And those third parties—just like the third parties here—asked to be realigned so that they would stand as defendants in that case. Still, the Supreme Court held that Home Depot and Carolina Water Systems were not the "defendants" under section 1441. The Supreme Court explained: "[B]ecause "the 'civil action ... of which the district court' must have 'original jurisdiction' is the action as defined by the plaintiff's complaint, 'the defendant' to that action is the defendant to that complaint, not a party named in a counterclaim." *Id*. at 1748. Because [LOTS was] not named in the original complaint, [it wasn't a] defendant[] to that complaint. In short, severing and realigning the parties—essentially what the third parties asked for in *Home Depot*—won't transform [LOTS] into [an] original defendant[].

*Coan*, 2022 WL 4455208, at *7.[2] *Coan* is so strikingly the same as this

---

[2] LOTS asserts this is a partial removal not including the original plaintiff (Mariner). ECF No. 22 at 4 n. 2. Considering the Supreme Court's construction of "civil action" in the removal statutes in *Home Depot* and "the longstanding prohibition against removing only handpicked claims from state court to federal," LOTS's "attempt at a partial removal is contrary to both the law and the theory of removal." *Levert-St. John, Inc. v. Hartford Steam Boiler Inspection & Ins. Co.*, 2006 WL 1875494, at *2 (W.D. La. July 3, 2006).

7

case the Eleventh Circuit's opinion applies here by changing the names as shown above—and below with another passage:

> Our case, again, is just the same [as *Bowling v. U.S. Bank National Association*, 963 F.3d 1030 (11th Cir. 2020)]. A plaintiff ([Mariner]) filed [a collection] action against a defendant ([Perkins]). The original defendant ([Perkins]) then asserted various claims against [a] third part[y] ([LOTS]). [LOTS] then removed and, like the third parties in *Bowling*, argued that the claims against [it] should be severed from the original [collection] action. As we said in *Bowling*, though, "[u]nder *Home Depot*, only a defendant to the original action may seek to remove a case." *Id*. Because [LOTS is not] the original defendant in this case, [it was] not entitled to remove.

*Coan*, 2022 WL 4455208, at *6. "This case must return to state court." *Id*.

LOTS's attempt to distinguish *Alveranga* fares no better. ECF No. 22 at 13. LOTS says *Alveranga* is "inapposite" because the third-party defendant there was brought in by a counterclaim instead of a third-party complaint. *Id*. Essentially, LOTS is saying the label controls to distinguish this case even though "this Court can and should ignore" labels. ECF No. 22 at 12 (citing *Lazarus*, 2021 WL 765708, at *7). *Lazarus* defeats LOTS's attempt to distinguish *Alveranga*.

In *Lazarus*, on October 17, 2019, the original plaintiff (Karizad) sued the original defendant (Lazarus) in state court. 2021 WL 765708, at *8. On December 27, 2019, Lazarus "filed his own complaint" in state court against Karizad and Wilmington, which "was assigned a new case

8

number…." *Id.* at *4. Wilmington removed the case to federal court, to which Karizad consented. *Id.* at * 5. So, just as LOTS alleges here, Lazarus "failed to properly join [Wilmington] to a counterclaim; [Lazarus had] not even attempted to do so, instead filing a separate pleading altogether…." ECF No. 22 at 13. Rather than this "procedural point mak[ing] all the difference," *id.*, it made **no difference** in *Lazarus*:

> despite the labels the parties employed in D.C. Superior Court, Lazarus is not the "plaintiff" to this action, and neither Karizad nor Wilmington are the "defendants" contemplated by the removal statute. Rather, Lazarus is actually the original *defendant* to this action, so only Lazarus could have removed under §§ 1441 & 1446. Karizad, by contrast, is the action's original *plaintiff*. And Wilmington is not an original defendant, but a third-party counterclaim defendant, since it entered the suit through Lazarus's December 27 "complaint" (which was actually a counterclaim).

*Lazarus*, 2021 WL 765708, at *8.[3]

"The district courts of the United States ... are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552 (2005). Under § 1441(a), "the term 'defendant' refers only to the party

---

[3] LOTS also ignores Defendant Perkins's cited authority showing even if LOTS wasn't properly brought in under Missouri Rule 52.11 regarding third-party defendants (it was), LOTS was properly before the state court under Rules 55.32(g) and 52.05 as a third-party counterclaim defendant. ECF No. 11 at 6 n. 1 (collecting cases). Indeed, by asserting the "LOTS-issued Contract of Insurance had $87.52 in unearned premium upon early termination … in [Defendant Perkins's] Counterclaim against Mariner" serves as the basis for calculating the potential class damages, ECF No. 22 at 4, LOTS confirms "Perkins's counterclaim and third-party petition seek relief against Plaintiff, LOTS, or both arising out of the same contract of insurance and there are questions of law or fact common to them all, namely the rights and obligations of all the parties under the contract of insurance regarding unearned premiums." ECF No. 11 at 6 n. 1.

9

sued by the original plaintiff." *Home Depot*, 139 S. Ct. at 1746. LOTS wasn't sued by Plaintiff, so it's not an original defendant entitled to remove. *Id*. The Court should remand the case to state court.

### 2.2. LOTS did not establish the amount in controversy by plausible allegations or a preponderance of the evidence.

Pretending Third-Party Defendant LOTS had a statutory basis to remove (it doesn't), this Court should still remand the case to state court because LOTS hasn't met its burden of establishing all prerequisites to jurisdiction are satisfied, including numerosity and the amount in controversy. LOTS's Response and additional declaration are still not enough to meet its burden.

First, Defendant never alleged, in his third-party petition, the amount of the refund LOTS owes him. ECF No. 7. If the third-party petition is a "new and separate civil action" as LOTS alleges, but caselaw forecloses, LOTS cannot rely on Defendant Perkins's counterclaim against Mariner (ECF No. 22 at 4) to plausibly show the amount in controversy in this allegedly separate civil action. Even if it could, LOTS doesn't allege—plausibly or otherwise—that everyone in the putative class would have a similarly sized refund due to them.

Second, and contrary to LOTS's assertion otherwise, Defendant Perkins's proposed class doesn't extend "beyond credit-insurance certificates issued by LOTS through Mariner." ECF No. 22. at 3. Rather, Contracts

10

of Insurance is a defined term, limited to contracts of insurance "that were solicited, negotiated, and/procured by [Mariner] and insured by [LOTS]." ECF No. 7 ¶ 1. LOTS's argument to the contrary ignores the series-qualifier cannon, which limits every contract of insurance in the list to those issued by LOTS through Mariner. *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1169 (2021) ("Under conventional rules of grammar, '[w]hen there is a straightforward, parallel construction that involves all nouns or verbs in a series,' a modifier at the end of the list 'normally applies to the entire series.'") LOTS's argument also ignores the other allegations in Defendant Perkins's pleading. *Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (the pleading "should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible"). Defendant Perkins's other allegations show his claims are meant to relate only to contracts of insurance issued by LOTS through Mariner. ECF No. 7 ¶¶ 11–12. And to remove any doubt, Defendant Perkins stipulates his claims don't seek to go beyond contracts of insurance issued by LOTS through Mariner.

Third, LOTS has still failed to allege—plausibly or otherwise—how many people were not credited or refunded with all unearned premiums or the amount of unearned premiums it has not credited or refunded. Nor has LOTS established "the amount in controversy by a

11

preponderance of the evidence" after Defendant Perkins contested it. *Lizama v. Victoria's Secret Stores, LLC*, 36 F.4th 762, 765 (8th Cir. 2022). Proof on this issue wouldn't require LOTS to "confess liability in order to show that the controversy exceeds the threshold." *Hartis v. Chicago Title Ins. Co.,* 694 F.3d 935, 945 (8th Cir. 2012). For example, LOTS has form contracts providing refunds under $1 or $3 will not be made. *Lawson v. Life of the S. Ins. Co.*, 286 F.R.D. 689, 698 (M.D. Ga. 2012). Although people with these form contracts would be part of the class because they "were not credited or refunded with all unearned premiums," ECF No. 7 ¶ 22, LOTS would have a potential contractual defense to their claims.

LOTS tries to meet its burden of proof with the Hart Declaration (ECF No. 22-1), which LOTS says, "shows that over $50 million in unearned premiums ***were*** credited or refunded upon early termination of the certificates at issue since 2018, each dollar of which is in controversy here." ECF No. 22 at 5 (emphasis added). But ***none*** of those dollars are in controversy because this case is about unearned premiums that: LOTS "***failed*** to credit or refund;" "were ***not*** credited or refunded," or LOTS "did ***not*** refund or credit[.]" ECF No. 7 ¶¶ 15, 22, 29 (emphasis added). Neither Defendant Perkins nor any class member have a claim for unearned premiums that ***actually*** "***were*** credited or refunded upon early termination[.]" ECF No. 22 at 5 (emphasis added); *Hartis,* 694 F.3d at

12

945 ("The demonstration concerns what [Defendant Perkins] is claiming").

Because LOTS did not establish the amount in controversy exceeds $5 million and the class has over 100 members by a preponderance of the evidence, the Court should remand this matter to state court.

### 3. Attorney's Fees

LOTS's removal justifies an award of attorney's fees to Defendant upon remand. LOTS fails to address this in its Response. The "Supreme Court's interpretation of the general removal statute in *Home Depot* is broad and unequivocal" and left "little room for exception or deviation." *G.S.*, 2023 WL 6845828, at *2. "The plain text of the applicable statute limits the right of removal to defendants, and case law unanimously affirms that clear rule." *Twardowski v. Haskins*, 2020 WL 735758, at *2 (E.D. Mo. Feb. 13, 2020) (awarding attorney fees when a party other than the original defendant sought removal). LOTS cites no post-*Home Depot* cases letting a third-party defendant or third-party counterclaim defendant remove, so LOTS resorts to citing the dissenting opinion in *Home Depot* and alternatively asking the Court to not follow *Home Depot* because the Supreme Court's makeup has changed. ECF No. 14–15.

Removal in these circumstances suggests the removal was only "sought for the purpose of prolonging litigation and imposing costs on the

opposing party." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).

### 4. Conclusion

Defendant respectfully requests this Court remand the case to state court and award him attorney fees incurred because of LOTS's objectively unreasonable removal; and all other relief just under the premises.

                                            **ONDERLAW, LLC**

By: */s/ Martin L. Daesch*
Martin L. Daesch, #40494
Jesse B. Rochman, #60712
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (telephone)
(314) 963-1700 (facsimile)
daesch@onderlaw.com
rochman@onderlaw.com
*Attorneys for Defendant*
*Christopher D. Perkins*

### Certificate of Service

I certify that on January 22, 2024, the undersigned filed the foregoing electronically with the Clerk of the Court to serve all attorneys of record by operation of the Court's electronic filing system.

                                                  */s/ Martin L. Daesch*