UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER PERKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23CV1592 HEA |
| | ) |
| LIFE OF THE SOUTH INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Remand, [Doc. No. 10]. For the following reasons, the Motion is granted.

BACKGROUND

Plaintiff Mariner Finance, LLC filed this lawsuit in the state circuit court for the City of St. Louis, Missouri against Defendant Christopher D. Perkins. Mariner alleged Perkins defaulted under the terms of a Note, Security Agreement & Arbitration Agreement in that he failed to make the required payments thereunder.

Perkins filed a third-party claim against Life of the South Insurance Company, alleging that Life of the South did not return unearned premiums due to Perkins and a class of insureds whose policies had been terminated or cancelled.

Approximately two months after Perkins filed the third-party complaint, Life of the South purported to remove the lawsuit to this Court. Thereafter, Perkins brought this Motion to Remand.

DISCUSSION

In the Eighth Circuit, third-party defendants generally are not permitted to remove. *U.S. Bank Nat'l Ass'n v. Copy Ctr. of Topeka, Inc*., No. CV 23-3443, 2024 WL 551292, at *1–2 (D. Minn. Feb. 12, 2024); *Steeby v. Discover Bank*, 980 F. Supp. 2d 1131, 1136 (W.D. Mo. 2013) (citing *Lewis v. Windsor Door Co*., 926 F.2d 729, 733 (8th Cir. 1991)); see also *Duckson, Carlson, Bassinger, LLC v. Lake Bank, N.A.*, 139 F. Supp. 2d 1117, 1118 (D. Minn. 2001)("It is well-established that a defendant cannot remove based on a counterclaim."). The Supreme Court in *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748-49 (2019), directly "address[ed] whether [the removal statute—28 U.S.C. § 1441] allows a third-party counterclaim defendant—that is, a party brought into a lawsuit through a counterclaim filed by the original defendant—to remove the counterclaim filed against it." *Home Depot*, 139 S. Ct. at 1745-46. The Court concluded that the removal statute does not allow a counterclaim defendant to remove. See *id.* at 1748 ("[W]e conclude that § 1441(a) does not permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time by the counterclaim.").

Life of the South asserts that even though it was not named as an original defendant, it is, in actuality, a defendant in this matter and that *Home Depot* is "wrongly decided," citing Justice Alito's dissent.

*Home Depot's* ruling is inescapable: "§ 1441(a) does not permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time by the counterclaim." *Id.* Only an original defendant or defendants to a complaint can remove a civil action to federal court.

CONCLUSION

Based on the foregoing, the removal of this action was improper and must be remanded.

Accordingly,

**IT IS HEREBY ORDERED** that Perkins' Motion to Remand [Doc. No. 10] is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is REMANDED to the Circuit Court for the City of St. Louis, Missouri.

Dated this 25th day of June, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

Case: 4:23-cv-01592-HEA   Doc. #:  30   Filed: 06/25/24   Page: 4 of 4 PageID #: 263